THOMAS L. DONAHUE *vs.* R. A. SHERMAN'S SONS COMPANY.

·JULY 5, 1916.

PRESENT:  Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Workmen's Compensation Act.   Construction.*

The Workmen's Compensation Act is of a remedial character and its provisions
should be construed broadly and liberally in order to effectuate their
purpose.

*(2)   Workmen's Compensation Act.   Notice.*

The Workmen's Compensation Act provides that no proceedings for com-
pensation shall be maintained unless written notice of the injury shall be
given to the employer within 30 days after the happening thereof, but
excuses the failure to give such notice among other things if such failure is
due to "accident, mistake or unforeseen cause."

During the thirty days after his injury petitioner was very ill and underwent a
serious surgical operation and a part of the time was *in extremis* and not
allowed to talk; during the last 23 of the 30 days he was in a hospital among

strangers in a city at a considerable distance from his home and from the place of business of respondent, unable to do any writing or attend to any business and unable to give the written notice himself. When after the expiration of the 30 days he was removed to his home his condition was still so weak that he was unable to walk or attend to any business and was partly confined to his bed for a considerable period.

*Held*, that the facts presented a case of "accident or unforeseen cause," excusing the failure to give the notice within the statutory period. VINCENT, J., dissenting.

(*3*)    *Construction of Statutes.    "Accident, Mistake or Unforeseen Cause."*

If in statutes of the nature of the Workmen's Compensation Act there is a provision requiring notice of the injury to the employer within a certain fixed period, and nothing more, the court of necessity is bound to hold that notice within the prescribed time is imperative and amounts to a condition precedent to the maintenance of proceedings, but if the statute itself provides relief for failure to give such notice for reasons which seem equitable to the legislature, then such remedial provisions should be broadly and liberally construed to effectuate the main purpose of such legislation.

(*4*)    *Workmen's Compensation Act.    "Accident or Unforeseen Cause."    Notice.*

Not every accident or unforeseen cause however slight will amount to an excuse for failure to give the notice of the injury required by the act, but it must be such as would amount to a reasonable cause for the failure to give notice.

(*5*)    *Accident and Mistake.*

It has not been the practice of the court in statutes providing for relief on account of "accident, mistake or unforeseen cause," to give these words a strict and uniform construction, but the court has applied this provision for relief in a liberal manner and has regarded them as broad and general words used in remedial statutes which enable the court within reasonable limits to grant relief from hardship and substantial misfortune whenever in the discretion of the court the circumstances of the particular case warrant such action.

(*6*)    *Accident and Mistake.    Questions of Law and Fact.*

Whether certain circumstances present a case of accident, mistake and unforeseen cause is a question of law, but whether such circumstances exist in a particular case is a question of fact. Mental or physical disability which prevents one from protecting his rights is generally held to amount in law to accident or unforeseen cause, but whether the circumstances show such a condition is a question for the court considering the case, to be determined upon the facts in evidence, viewed in the light of the court's experience: and the conclusion of the court thereon in a petition under the Workmen's Compensation Act is a finding of fact, which in the absence of fraud is conclusive and not reviewable.

PETITION under Workmen's Compensation Act. Heard on appeal of respondent and denied.

VINCENT, J., dissenting.

SWEETLAND, J.    This matter is before us upon the respondent's appeal from a final decree of the Superior Court entered upon a petition filed under the Workmen's Compensation Act.  The petitioner seeks to recover compensation from the respondent for injuries alleged in the petition to have been sustained by the petitioner by reason of accident arising out of and in the course of his employment by the respondent.    Mr. Justice Barrows of the Superior Court, who heard said petition, ordered the entry of final decree in favor of the petitioner.    From an examination of the transcript of evidence we are of the opinion that all the findings of fact made by said justice and contained in said decree are supported by legal evidence.    The respondent's reasons of appeal set forth no question of law or equity decided adversely to the respondent which entitles it to have the decree of the Superior Court reversed or modified.

There is but one contention of the petitioner which seems to us to require particular consideration in this opinion. The question involved therein is likely to frequently arise in proceedings under said act and we have treated the same at length.    It appeared that the petitioner did not give notice of said injury to the respondent within thirty days after the happening thereof.    Said justice held that in all the circumstances of the case such "notice within thirty days, as required by the act, was excused by reason of accident, mistake or unforeseen cause."

Although we are of the opinion that upon a strict construction of the statute the respondent's appeal should be denied, it should not be overlooked that the act, and like acts in the different states, are universally considered as of a remedial character the provisions of which should be construed broadly and liberally in order to effectuate their purpose.    *Appeal of Hotel Bond Co.* (Conn.) 93 Atl. Rep. 245; *Kennerson* v. *Thames Towboat Co.* (Conn.) 94 Atl. Rep. 372. In *Young* v. *Duncan,* 218 Mass. 346, the court in its consideration of the Massachusetts Workmen's Compensation Act said:    "The act is to be interpreted in the light of its

purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design." This court in its former opinions has recognized the liberal spirit of this legislation and has been guided by that liberality in the construction of the provisions of the Rhode Island Act, and in the application of those provisions to particular cases.

The justice presiding in the Superior Court found that the petitioner while engaged in the employ of the respondent received a severe personal injury by accident arising out of and in the course of said employment, which resulted in the permanent total incapacity of the petitioner. He is clearly a workman entitled to the benefits of this remedial statute. The act provides that no proceedings for compensation under it shall be maintained unless written notice of the injury shall be given to the employer within thirty days after the happening thereof, but excuses the failure to give such notice, among other things, if such failure is due to "accident, mistake or unforeseen cause." The petitioner failed to give notice of his injury to the respondent within thirty days after the accident. During the thirty days in question the petitioner was very ill; he underwent a serious surgical operation; a part of the time he was *in extremis* and was not allowed to talk; he had what the surgeon termed a "very stormy convalescence;" during the last twenty-three of these thirty days he was in a hospital, among strangers, in a city at considerable distance from his home and from the place of business of the respondent. When after the expiration of said thirty days he was removed to his home his condition was still so weak that he was unable to walk or attend to any business and was partly confined to his bed for a considerable period. If these circumstances do not bring the petitioner within the exception and do not warrant the finding that his failure to give the required notice was due to accident or unforeseen cause, then the act is defective in that regard, and in this case fails of its beneficent purpose. That should very clearly appear before this court can properly reach such an unfortunate conclusion.

The respondent refers to the giving of notice of his injury by the workman to his employer within thirty days as a condition precedent to the maintenance of proceedings for compensation; urges that such provision must be strictly construed; and cites a number of Massachusetts cases in support of that position. There can be no question of the soundness of that doctrine in the ordinary case. But that doctrine is not involved in the question before us. We are called upon to determine whether we will disturb the finding of the justice of the Superior Court, that, because of the exception in the statute, in the circumstances of this case, the giving of the statutory notice was not such a condition precedent and the petitioner was excused from giving such notice "by reason of accident, mistake or unforeseen cause." At the time the decisions in the Massachusetts cases, cited by the respondent, were rendered, the Massachusetts Act provided no relief and no exception from the requirement of notice within thirty days after the accident causing the injury, and the court was forced to hold, in all cases, that the giving of such notice constituted a condition precedent to the right to recover. Since those decisions the Massachusetts legislature has removed the harshness of their statute; and the provision of the Massachusetts law in that regard now is, that notice shall be given as soon as practicable after the accident.

Our act as originally passed and still in force shows a liberality in the matter of notice and the intent to prevent as far as possible the defeat of a meritorious claim through technicality. After providing that the written notice to the employer shall be given within thirty days after the happening of the injury and shall state the nature, time, place and cause of the injury, and the name and address of the person injured, the act further provides that such notice shall not be held invalid by reason of any inaccuracy in stating these particulars, unless it is shown that there was an intention to mislead the employer and that he was in fact misled thereby. There is a further provision that failure to give such notice

shall not bar the proceedings if it is shown that the employer or his agent had knowledge of the injury, or if the failure be due to accident, mistake or unforeseen cause. The principle may fairly be deduced from the cases, that if in statutes of this character there is a provision requiring notice of the injury to the employer within a certain fixed period, and nothing more, the courts, of necessity, are bound to hold that notice within the prescribed time is imperative and amounts to a condition precedent to the (3) maintenance of proceedings; but if the statute itself provides relief for failure to give such notice, for reasons which seem equitable to the legislature, then such remedial provisions shall be broadly and liberally construed by the courts to effectuate the main purpose of all such legislation.

The respondent contends that the liberality shown by the courts of other jurisdictions in the construction and application of similar remedial provisions should have no persuasive force with us, because of the peculiar and strict language employed in our act. This is claimed to be particularly true in regard to the decisions under the British Act, because while with us failure to give notice is excused if caused by accident, mistake or unforeseen cause, in the British Act the failure is excused if it arose from "mistake or other reasonable cause." Mistake relieves under either statute. Is there any essential legal difference between the expressions "accident or unforeseen cause" and "reasonable cause?" In no proper construction of our statute should it (4) be held that every accident or every unforeseen cause, however slight, would amount to an excuse. It must be such an accident or such a cause, unforeseen, as would amount to a reasonable cause for the failure to give notice. Both expressions come to the same thing; and the two provisions in their legal effect are identical. The great liberality shown by the British courts in their interpretation of the statutory provisions referred to are precedents worthy of our consideration in determining the question before us.

Since the British Act went into operation· numerous cases in the reports illustrate that liberal tendency. The following citations taken from one volume of Butterworth's Workman's Compensation Cases show the broad application which the judges have given to the provision which for "reasonable cause" excuses the giving of notice. In each of these cases it was held that the circumstances furnished reasonable cause for the failure to give the statutory notice. In *Hoare* v. *Arding*, 5 B. W. C. C. 36, the saleswoman thought that she was suffering only from a temporary nervous derangement when in fact her disease was serious. In *Moore* v. *Colliery Co.*, 5 B. W. C. C. 87, the workman, a collier, as a result of his employment became affected with a disease known as "nystagmus;" a strike came on and thinking that relief from his employment in the mine would cure his disease he neglected to give notice until after the time prescribed by statute. In *Breakwell* v. *Granite Co.*, 5 B. W. C. C. 133, a workman who was ignorant of the fact that he was permanently incapacitated and fearing if he obtained compensation the indemnity insurance company would prevent his being taken back to work on recovery, gave no notice to his employer till after the statutory period. In *Fry* v. *Cheltenham*, 5 B. W. C. C. 162, a workman fell and hurt his knee, but did not know that he was seriously injured till after the time for giving notice under the statutes had passed. In *Assurance Co., Ltd.*, v. *Millar*, 5 B. W. C. C. 522, the workman thinking his injury slight gave no notice to his employer within the period fixed in the act and not until after he left his employer's service, when he found that he had been seriously injured.

It is, however, urged by the respondent that we are in some way restrained by the very narrow, strict and closely defined interpretation which has been placed by this court upon the words "accident, mistake or unforeseen cause" as they appear in other Rhode Island statutes; and that the legislature in employing that language in the Workmen's Compensation Act must be held to have had in mind such

strict and narrow interpretation. This court has most often been called upon to consider that expression as it occurs in the statute empowering us to grant new trials or permit appellant proceedings, when it appears that there has been a failure to comply with certain statutory requirements by reason of "accident, mistake or unforeseen cause." An examination of the cases fails to show that in granting relief under said statute this court has generally adopted a narrow or strict interpretation of those words, or that those words have been given a close and well defined interpretation. It might even be said, critically, that on this subject the court has not been consistent and its decisions have not been uniform and harmonious. It is not surprising that that should appear in the examination of a line of decisions extending over a number of years, given by different judges, upon a matter which from its nature is largely discretionary. In some cases this court has held that the mistake or neglect of an attorney did not warrant relief under the language of the statute. It was so held in *Haggelund* v. *Oakdale Mfg. Co.,* 26 R. I. 520. The decision in that case has been pressed upon our attention by the respondent. Whenever counsel appear before us in opposition to the granting of relief under the statute and ask the court to take a very harsh and illiberal position in such matters they always urge upon our consideration the authority of *Haggelund* v. *Oakdale Mfg. Co.* In that case the court held that the neglect of an attorney, arising from forgetfulness and his reliance upon an erroneous memorandum, did not furnish a ground for relief. It should not be overlooked, however, that in the *Haggelund* case, which in some of its aspects shows the least liberal application that this court has ever given to that provision for relief, there had already been a full trial of the case upon its merits. The court distinguished that case from cases in which no trial has been had, and said that in the latter "the court has exercised a very broad discretion in granting trials, even when the mistake has not been entirely excusable; but after one full trial of a cause, with all the formalities pre-

scribed by law, we do not feel warranted in granting a review unless the petitioner has lost his opportunity to apply for it by some substantial misfortune." All that can fairly be said in support of that case as an authority here is that it decides that after one full trial, mere neglect, unaccompanied by other circumstances moving the discretion of the court, does not warrant the granting of relief. The doctrine of that case should not be extended or misapplied; and it can be readily distinguished from the matter now before us. In opposition to the *Haggelund* case may be cited the following decisions of this court in which relief has been granted. In *Sayres* v. *Ormsbee*, 11 R. I. 504, the petitioner for relief was granted a new trial ten months after the time for appeal from the final decree of a probate court had expired because the petitioner had testified in the probate court under a misapprehension as to the effect of his testimony, and because he was ignorant of the terms of the final decree. These facts appear to state a case of neglect simply; for it was the duty of the petitioner, being a party to the proceedings in the probate court to follow the matter in that court and inform himself as to the nature of the decree which was entered. This court must have been moved to its decision by a consideration of the substantial hardship of the petitioner's situation. In *Donnelly* v. *McAdams*, 13 Atl. 108, it appeared that an attorney had taken a retainer from the defendant, but by the oversight of his assistant, who attended to his business in the district court, the case was defaulted in that court and the time for an appeal had gone by. There were no other circumstances on which the prayer for relief was based, yet this court granted the defendant a new trial. In *Burrough* v. *Hill*, 15 R. I. 190, it appeared that the attorney for the plaintiff neglected to reënter the case in court at the time required by law because in examining the court docket he found a case entitled *Bennett* v. *Hill* and misled by the similarity of name he supposed that *Burrough* v. *Hill* had been reëntered and failed to do so. The court said: "We think there was to say the least a considerable

admixture of negligence or inattention on the part of the counsel. We have, however, come to the conclusion, though not without a good deal of hesitation, that there was enough of accident or mistake to entitle the plaintiff to a new trial on terms." In *Densereau* v. *Saillant*, 22 R. I. 500, the case was defaulted through the neglect of defendant's attorney, and this court granted a new trial on the ground of accident and mistake. In the unreported case of *Miller* v. *McCormick*, Ex. No. 3502, decided November 25, 1904, it appeared that the action was one of trespass on the case for personal injuries: that the attorney for an indemnity insurance company, in which the defendant held a policy, answered the case in the first instance, but later said insurance company declined to further defend the case on the ground that the defendant had failed to comply with the terms of said policy. Said attorney withdrew his appearance and on May 26, 1904, notified the defendant that he had done so, advised the defendant to employ other counsel at once to look out for his interests, and on the following day returned to the defendant a copy of the writ and declaration in the case. The defendant neglected to employ other counsel and did nothing to protect his interests. On October 5, 1904, judgment was entered against the defendant by default. The court held that the defendant had been negligent, but in view of the fact that the defendant was unaware that the case had been assigned for trial and also in view of the fact that there had been no trial of the case upon its merits the court granted the defendant a trial. In *Baker* v. *Tyler*, 28 R. I. 152, it appeared that the defendant desired to prosecute in this court a bill of exceptions to the decision of a justice of the Superior Court. The defendant's attorney duly filed notice of an intention to prosecute such a bill and presented to said justice an application that said justice fix the time for filing a transcript of evidence and a bill of exceptions. Under the statute the time fixed by said justice should have been within fifty days after filing the notice to prosecute. Probably through inadvertence said

justice failed to fix the time for filing. Without again requesting said justice to fix the time and apparently without giving further attention to the matter the defendant's attorney waited until after the entry of judgment and then more than one hundred days after filing the notice to prosecute a bill of exceptions the defendant's attorney filed a bill of exceptions in the Superior Court. Although said justice failed to act when requested, the facts present a condition of neglect and marked inattention on the part of the attorney, yet this court granted a new trial because the attorney's carelessness was coupled with the mistake of the court. In *McCotter* v. *Town Council*, 23 R. I. 100, it appeared that the petitioner desired to appeal from the action of the town council of New Shoreham in laying out a highway; that the time within which an appeal could be taken expired on February 11, 1899; that on February 7, 1899, the attorney for the petitioner mailed from Providence to the town clerk of New Shoreham by registered mail the papers necessary for the commencement of appellate proceedings, in ignorance of the course of the mail between Providence and Block Island in winter, and apparently without making any effort to learn. Said papers in the regular course of mail were not sent from Providence until February 11, 1899; the boat was delayed by stormy weather; said papers did not reach the post office at Block Island until shortly before midnight on February 11, 1899, and were not delivered to the town clerk until February 16, 1899. If the statute in question was to be narrowly applied it might well have been said that it was negligence on the part of said attorney, if he wished to make the United States mail his agent in filing said papers, not to have learned that mail deposited in the post office in Providence on February 7, 1899, would not be forwarded to Block Island until February 11, 1899, and further that it was negligence to disregard the fact that mail intended for delivery at Block Island before the close of office hours on February 11, 1899, could not prudently be mailed in Providence on February 11, 1899, in view of the great probability

of delay by winter storms. Further, it does not appear that there was at that time a delivery of mail by carrier on Block Island. And it appears quite likely that there was not, for said papers, though reaching the post office at Block Island on February 11, were not received by the town clerk until five days later. Yet in the face of all the facts, upon which neglect might have been predicated, this court held that, in the circumstances, the failure of the papers to reach the town clerk in time is within the meaning of the words "accident, mistake or unforeseen cause," as used in the statute.

That this court does not appear to have given at all times a strict and uniform interpretation to the language under discussion is further shown by an examination of the cases dealing with mistakes which are of law. In some cases this court has held that the statute does not relieve against mistakes of law; but in others it has somewhat modified that construction. In *Ball* v. *Ball*, 21 R. I. 90, it appeared that the petitioners claimed an appeal from the decree of the probate court of New Shoreham admitting to probate an instrument purporting to be a last will and testament and took the necessary steps to perfect their appeal except that by mistake the obligee named in the appeal bond filed by them was the town of New Shoreham instead of the Court of Probate of New Shoreham as by statute required. The appeal was dismissed by the Common Pleas Division because of such imperfect appeal bond. It was contended against the petition, that this was a mistake of law and the relief afforded by the statute did not extend to cases of such mistake. This court held that, however it may be as to other mistakes of law, this was the case of a party who by mistake had neglected to prosecute his appeal according to law and that was a mistake in procedure; that such mistakes in law were clearly within the provision of the statute. The court also said that it had so held in the unreported case of *Harris* v. *Earle*, Ex. No. 1370, decided at the April term (July 27th) 1889. In *Marshall* v. *McCormick*, 27 R. I.

.357, a garnishee who had failed to file an affidavit as by law required sought to relieve himself from the consequences of his neglect by filing in court an affidavit of no funds and an affidavit "that through accident and mistake he had previously neglected to file his personal affidavit thereof." The court said: "The plaintiff argues further that the affidavit of the garnishee does not disclose a case of mistake within the intent of the statute, his error being one of law and not of fact. We feel constrained, however, to give to the word "mistake," as here used, a broad construction. The process of garnishment by which a person is held to pay his debt to the judgment creditor of his creditor imposes upon him an inconvenience. for the benefit of other parties with whom he has no privity, and should be limited so as not to do him actual injustice. The proviso in question is for the protection of the garnishee and ought to be liberally interpreted."

(5)    We have entered into this somewhat lengthy consideration of the cases on this subject for the purpose of showing the liberal manner in which this provision for relief has generally been applied by this court and also to demonstrate that the words "accident, mistake or unforeseen cause" as used in our statutes have not been given a strict and uniform interpretation in our decisions, but have been regarded by this court as broad and general words used in a remedial statute which enable this court, within reasonable limits, to grant relief from hardship and substantial misfortune whenever in the discretion of this court the circumstances of the particular case warrant such action. The contention, that the language in question should receive a narrow interpretation, has little support in the respondent's suggestion that the words "accident, mistake or unforeseen cause" are used in the Workmen's Compensation Act with the precise meaning with which they have been used in other statutes and as they have been "defined and settled by the repeated decisions of this court."

It is said that what constitutes "accident, mistake or unforeseen cause" is a question of law, that statement is (6) true in this sense: that certain circumstances in law present a case of accident, mistake or unforeseen cause, but whether such circumstances exist in a particular case is a question of fact. Mental or physical disability which prevents a man from protecting his rights, or severe illness the ordinary tendency of which is to seriously impair the natural alertness of a man in guarding his interests and attending to his business are generally held to amount in law to accident or unforeseen cause. This we think is clearly recognized in the cases to which we shall later refer. Whether in a certain case, when illness is urged as a ground of relief, the circumstances show such a condition is a question addressed to the judgment of the court considering the case, to be determined by it upon the facts in evidence viewed in the light of the court's experience and knowledge of human nature and human affairs. This was the question which was presented to the justice of the Superior Court in the case at bar and his conclusion thereon is a finding of fact, which under the provisions of the Workmen's Compensation Act, in the absence of fraud, is conclusive, and not reviewable by this court.

In *Dillon* v. *O'Neal*, 26 R. I. 87, on page 88, this court has used the expression "mistake; or accident or sickness, or other unforeseen cause" in speaking of the grounds of relief. In *Kenyon* v. *Hayhurst*, 89 Atl. 15, we said: "Upon a hearing in the above-entitled matter it appears that at the time of the entry of the decree of the municipal court in question, and for 40 days thereafter, the petitioner was in such physical and mental condition that he was unable to transact business of any importance, to protect his own interests, or to have a knowledge and understanding of the proceedings before said municipal court. These circumstances present a situation of accident, mistake, and unforeseen cause." In *Eddy* v. *Angell*, 85 Atl. 936, relief was granted upon a petition alleging a failure to take an appeal

from the probate of a will because of accident, mistake or unforeseen cause, although it appears that other circumstances were given weight by the court, the sickness of the petitioner was named as one of the facts upon which the decision was based. It appeared by the affidavits of the petitioner on file that during the time within which she should have taken said appeal she was sick and in a nervous condition, although she admits that during that time she did leave her home and go to the probate court and talk with the judge thereof in relation to filing a claim against the estate of the testator of said will. In granting relief this court said: "We have carefully examined these affidavits, and we think it sufficiently appears therefrom that the condition of health of the petitioner upon and after the death of her mother was such, and continued to be such, for a period of more than 40 days after the entry of the decree admitting the will to probate, as to unfit her for the transaction of business, and that during such period she received assurances from her uncle that he would look out for and protect her interests under her mother's will." The petition of Francis J. Bartley, Ex. No. 4909, for leave to prosecute a bill of exceptions was decided November 17, 1915, and is unreported. In that case it appeared that the time for filing said bill expired June 15, 1915; that said bill had been prepared by the attorney for the petitioner before June 12, 1915; that from said June 12, 1915, until after June 15, 1915, said attorney was confined to his home by an attack of tonsilitis; and said bill was not filed in court as by law required. Upon a claim of accident and unforeseen cause based on these facts this court granted relief. In *Massucco v. Tomassi*, 78 Vt. 188, it appeared that by sickness of the petitioner and the death of his father he was prevented and delayed from making the journey from Italy to the United States and did not appear at trial to defend the suit against him. The court said: "We think that the petitioner's sickness and the death of his father may properly be considered accidental causes of his failure to appear in court

upon the trial of his case and that he is entitled to a new trial."
In *Sluman* v. *Dolan*, 123 N. W. 72, it appeared that by reason
of his own illness and that of his son the defendant was
prevented from appearing in court until the witnesses for
the plaintiff had been examined, he was prevented from
obtaining the attendance of witnesses, and was not himself
in condition to properly attend to his defence.    The Supreme
Court of South Dakota in granting the petition said: "The
object of courts is to secure parties a fair and impartial
trial of the matter in litigation and that when by reason of
accident such a trial has not been had a court should liberally
exercise its discretion in the interests of justice."    In *White*
v. *Martin*, 63 Ga. 659, the court held that the defendant who
had a violent attack of asthma on the day on which a suit
against him was called for trial was for that reason "pro-
videntially prevented" from attending court on that day.
In *Dinwiddie* v. *Tims*, 114 S. W. 400, the Court of Appeals
of Texas held that a defendant who was seriously ill on the
day of trial was "unavoidably absent." In *Jackson* v.
*Shapard*, 24 Ky. L. Rep. 713, the Court of Appeals held that
the lower court had not been guilty of an abuse of discretion
in granting a new trial on the ground of casualty or mis-
fortune, to a defendant who had been prevented from pre-
paring his case for trial by illness of his daughter.    In *Peebles*
v. *Ralls*, 1 (Litt.) Ky. 25, the court said, in granting a new
trial to a party who had failed to attend court by reason of the
illness of his daughter: "And it would be strange, if, after
suit brought, all the social and relative duties should yield and
give way to the necessity of attending the trial.    Such, we
do not however suppose, is required by the rules of law;
and as Peebles appears to have been prevented from attend-
ing the trial by the indisposition of his daughter, his failure
to attend and apply for a continuance ought rather to be
ascribed to an unavoidable necessity, than any lack of
diligence in the management of his cause."

In *Carroll* v. *What Cheer Stable Co.*, 38 R. I. 421, at p.
426, we have held that in a workmen's compensation case

it is to be presumed by us that the justice of the Superior Court has made his finding upon all the testimony before him.  In addition to the circumstance which we have named above with reference to the physical condition of the petitioner during the thirty days following his injury it was in evidence that during the last twenty-three days of that time he was unable to do any writing or attend to any business.  Although he was in the possession of his mental faculties and was able to talk with those about him, he was in a condition of great physical weakness.  During the twenty-three days in question he was clearly unable to give the prescribed written notice himself.  If given at all such notice would have to be given by someone else at his request and in his behalf.  If it was a matter which we could review, would we not be forced to say that the justice of the Superior Court was warranted in finding that the illness and weakness of the petitioner presented such circumstances of accident and unforeseen cause as would excuse him from taking steps to procure some other person, among the strangers about him, to give the written notice containing the particulars required by the statute ?  But counsel for the respondent has seized upon a remark made by said justice in his decision and incorporated in the decree, which the counsel claims negatives the finding of said justice.  The justice said: "It is doubtless true that the petitioner could, if it had occurred to him, have sent word from the hospital to the respondent company during the last two weeks or ten days of his stay at the hospital, but considering all the circumstances of the case, the court does not believe itself justified in charging him with neglect by reason of his failure so to do. The court therefore holds that the giving of notice within thirty days, as required by the act, was excused by reason of accident, mistake and unforeseen cause."

Because the petitioner, who still continued during said two weeks or ten days in the sick and weak condition which I have named, could have sent word to the respondent, if it had occurred to him, it is held that the failure to give written

notice is due entirely to neglect and is not occasioned by accident or unforeseen cause. It is not clear that the justice in using the expression "sent word" meant "gave notice in writing as prescribed by statute;" but we will give to his language all the purport which the respondent claims for it and so interpreting the finding of the justice, in the circumstances of the case, does the conduct of the petitioner show neglect ? Negligence in law is a relative term. It is the failure to observe that degree of care which would be required of the ordinarily prudent man in like circumstances. This man had been desperately ill as the result of a major abdominal surgical operation; after said operation and until the end of said thirty days he was weak and sick. It is within the common experience of mankind that his physical condition must have been one which tends to depress the mind, weaken the will and incapacitate the patient for the ordinary business of life. To say that such a man is negligent because it fails to occur to him to take some action for the protection of his legal rights is to make no allowance for human physical weakness, and to fix the same standard of conduct and vigilance for a man in his normal condition and for one who is just emerging from a condition of physical collapse and extremity. But if we do find that the petitioner should be charged with some measure of neglect, in view of the decisions of this court, is that fact inconsistent with the finding of said justice, that in all the circumstances of the case, the failure to give statutory notice was excused by reason of accident or unforeseen cause ? We have seen that in a number of cases, which presented solely a condition of negligence, this court has granted relief, when in its discretion it appears to have considered the hardship too severe a penalty to impose for the lack of care. And this court has only refused relief when the neglect was unaccompanied by other circumstances upon which could be predicated some measure of accident, or mistake or unforeseen cause. The result of the respondent's claim is, that in workmen's compensation cases, whatever may be the accident or the

reasonableness of the cause, if there also appears any degree of inattention relief will be denied.   In all the Rhode Island cases which we have cited above there had been neglect, there had been a failure on the part of the petitioner to vigilantly attend to safeguarding his legal rights; but the court has found other circumstances which excused that neglect.   In no case has the excuse been more potent than that presented here.   In every case, with one possible exception, the petitioner had been in the possession of his full mental faculties.   If it had been the policy of this court to apply the grounds of relief, named in the statute, closely and narrowly, rather than broadly and liberally, the court might well have said in every case "the petitioner cannot have relief, for if it had occurred to him to take the steps which he has omitted he could have done so; and, notwithstanding the accident or mistake or unforeseen cause which we find, we shall hold that it is his negligence which is the cause of his misfortune."   That this has not been the test applied is shown by an examination of the cases.   Without multiplying instances we will take but one as an example: The petition of Bartley, the last Rhode Island case which has been cited above.   It appears from the affidavits on which the petition was granted, that the attorney had prepared the bill of exceptions more than three days before the time for filing the same; that there was another attorney at law occupying the same office with him; although the attorney for the petitioner was detained at home with tonsilitis he was not mentally incapacitated, if it had occurred to him on either the twelfth, thirteenth, fourteenth or fifteenth day of June, 1915, to send word to his office associate to file in court the prepared bill of exceptions he could have done so, and had the bill filed in accordance with the requirement of law.   Because of those circumstances, however, we did not hold that the petitioner was not entitled to relief.

The appeal of the respondent is denied.   The final decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

VINCENT, J., dissenting.  This is a petition under the Workmen's Compensation Act brought by Thomas L. Donahue of Stonington, in the State of Connecticut, asking for compensation for alleged injuries received by him while in the employ of the respondent, the R. A. Sherman's Sons Company, a corporation organized under the laws of Rhode Island and located and doing business in Westerly, in said State of Rhode Island.  The respondent corporation is a contractor and builder and the petitioner, at the time of the alleged injury, was in the employ of the said respondent as a carpenter.

The petitioner claims that on the 23rd of October, 1914, while he was engaged with others in attempting to place one of the corner posts of a large dwelling house, in process of erection by the respondent, said post, after it had been brought to a perpendicular position, started to fall and that in his endeavor to arrest it he sustained a strain.  There is some conflict of testimony as to the date when the accident happened, the petitioner claiming that it was on Friday, October 23, 1914, while other witnesses give the date as Friday, October 16, 1914.  The Superior Court seems to have adopted October 23 as the more probable date of the accident and I do not think it necessary to discuss the conclusion of the trial court in that regard.

The accident, the petitioner says, occurred shortly after the noon hour and that upon its occurrence he ejaculated, in the presence of the respondent's foreman, "I think I got something that time."  He continued however to work the remainder of the day, apparently without making any complaint, although he says he did not feel well.  He consulted a doctor in the evening of the same day, October 23, and he received further medical advice and treatment at different times, covering a period of a week, after which, on the 31st of October, he went to a hospital at Norwich, Connecticut, where he was operated upon for a fecal fistula located in the vicinity of the navel.  He remained in the hospital until November 23.  The trial court did not

find that the fistula resulted from the accident, but that the accident accelerated conditions already existing and brought about an earlier operation than otherwise would have been necessary.

It appears from the testimony that during the week prior to his entering the hospital the petitioner visited the office of his doctor on two occasions; that he complained at his home that he had received an injury; and that at least a week before he left the hospital, November 23, 1914, he discussed the subject of his injuries with the doctor there.

The petitioner gave no notice of his injury to his employers until the 20th of December, 1914, when he claims to have given them notice verbally which was followed by a notice in writing about a month later. There is no satisfactory evidence that the respondent was in any way made aware that the petitioner had suffered or claimed to have suffered any injury while in its employ prior to the verbal notice.

The Workmen's Compensation Act, under which this petition is brought, provides that, "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer within thirty days after the happening thereof . . . ."

This provision is designed to afford some protection to the employer; to seasonably apprise him of the accident and enable him to make such investigation thereof as he may desire while the surrounding circumstances are fresh in the minds of witnesses. The giving of this notice within thirty days is a condition precedent to the maintenance of any proceedings looking to the recovery of compensation, and the petitioner does not claim that any such notice was given within the period of thirty days following the accident. The petitioner contends however that during the thirty days following the injury he was incapacitated by reason of his illness from giving such notice and that he was consequently excused from so doing under another provision of the act which says that: "Want of notice shall not be a

bar to proceedings under this act, if it be shown . . . that failure to give such notice was due to accident, mistake, or unforeseen cause." Upon this point the trial court found that it was "doubtless true that the petitioner could, if it had occurred to him, have sent word from the hospital to the respondent company during the last week or ten days of his stay there," and I think that such finding was justified by the evidence. The trial court however proceeded further saying, "but considering all the circumstances of the case the court does not believe itself justified in charging him with neglect by reason of failure so to do." I think that this last finding or conclusion of the trial court was erroneous. If the petitioner failed to give the required notice because he did not think of it or having thought of it neglected to do it, I cannot conceive of any circumstances which would justify the trial court in waiving or disregarding the provision of the act regarding notice which, as before stated, is a condition precedent to the maintenance of any proceeding for compensation. A statute of this character must be strictly construed. In Massachusetts where the employers' liability act contained, before its amendment, a provision regarding notice to the employer of the same tenor and in substantially the same language as that of our own act, the courts have given it a strict construction.

In *Healey* v. *Blake Mfg. Co.*, 180 Mass. 270, where the employer was a foreign corporation and the employee served a notice upon the Commissioner of Corporations who within thirty days sent a copy to the corporation, such commissioner being the attorney of the corporation upon whom legal process might be made, the court held that it was not a notice to the corporation under the act requiring a notice to be given to the employer within thirty days. In its opinion the court said: "This notice is similar to that required in the case of injuries received by reason of defects in highways, and is a condition precedent to the right of action. It is not simply one of the steps in enforcing a right of action already existing, but is the last circumstance necessary to the creation

of such a right. The liability is not complete until the notice is given."

In *Grebenstein* v. *Stone & Webster Engineering Corporation*, 209 Mass. 196, it was held that a letter from an attorney of the plaintiff to the defendant, advising the latter of the injury and suggesting a conference looking to an adjustment of the claim, was not sufficient as a notice under the statute. The court said: "The notice required by statute is a condition precedent to a right of action. Any right of action which the plaintiff otherwise would have had is lost if he fails to give a sufficient notice."

Forgetfulness or neglect is not accident, mistake, or unforeseen cause within the meaning of those terms as they have been construed by this court. *Haggelund* v. *Oakdale Co.*, 26 R. I. 520; *Seward* v. *Johnson*, 27 R. I. 396; *Allen & Reed* v. *Russell*, 33 R. I. 422.

Having found, upon the evidence presented that the petitioner might have given the notice had it occurred to him to do so the trial court should have denied and dismissed the petition.

The trial court has referred to some of the English cases in support of its finding that the petitioner was excused from giving notice of his injury, to wit.: *Hoare* v. *Arding & Hobbs*, 5 B. W. C. C. 36; *Eaton* v. *Evans*, 5 B. W. C. C. 82; *Fry* v. *Cheltenham*, 5 B. W. C. C. 162. In examining these cases it will be found that the act under which they were brought confers upon the court a much more liberal exercise of discretion than is conferred upon our courts under our compensation act. The English courts are specifically authorized by the act to consider (1) whether the respondent has been prejudiced by the delay and (2) whether there was reasonable cause for the delay.

Under our compensation act the only ground upon which the failure to give notice may be excused is that of accident, mistake or unforeseen cause. These words must be presumed to have been used, in the compensation act, with the same meaning with which they have heretofore been used in

other statutes and as they have been heretofore construed and interpreted by this court.   Under our compensation act the giving of notice being a condition precedent to the maintaining of proceedings, the reasonableness of the delay and the prejudice of the employer cannot enter into the consideration of the court.   The only question is has the petitioner given the required notice or has he failed to do so by accident, mistake or unforeseen cause, giving to those words the meaning which has heretofore been conceded to them.

In considering the question of notice the English courts have held that ignorance of the act or its provisions, on the part of the petitioner, cannot be considered as a reasonable cause for delaying the notice beyond the period fixed by statute.  *Judd* v. *Metropolitan Asylum Board,* 5 B. W. C. C. 420.

The trial court has found that the petitioner could have given the notice if it had occurred to him to do so, which is equivalent to saying that he could have done so had he thought of it or if he had not neglected it.

I think that the respondent's appeal should be sustained.

*A. B. Crafts, George R. McKenna,* for petitioner.

*Harry B. Agard,* for respondent.