J. F. McCarty *v.* Musgrave Pencil Co. *et al.*

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

William S. Russell and Bayard S. Tarpley, both of Shelbyville, for plaintiff.

J. C. Burns, Jr., of Shelbyville, and John T. Conners, Jr., of Nashville, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

This is a Workmen's Compensation case in which the Trial Court found against the employee, who has appealed. The employer has appealed with respect to the allowance by the Court of an amendment to the petition which was allowed after the case had been tried and related to the date of the alleged injury. In the view we take of the case it will not be necessary to discuss the assignment of error of the employer as to the amendment.

The facts are that the employee, a man about 48 years of age, has been working at the defendant Pencil Company for the past 12 years, at which his principal duty was that of a shaper, shaping the wooden part of the pencils. At times he had to lift boxes of pencils, the weight of which is not shown by the evidence, and haul same in a wheelbarrow. At the time of the alleged occurrence of the hernia injury, the date of which is very uncertain in the mind of the petitioner, he was pushing

the wheelbarrow up an incline when he experienced a sharp pain in the region of his abdomen, and shortly thereafter he found that there was a protrusion. When he went home to lunch he called his wife's attention to same, but he did nothing else about it other than to rub some alcohol on the area. He continued working until shortly before August 20, 1954, which, according to the testimony most favorable to him was considerably more than 30 days after the date of the alleged injury. By that time the injury had become too painful for him to continue working and so he consulted his own physician, who operated on him on August 20, 1954, for the correction of the hernia. The next day as a result of the operation he suffered a heart attack. Since that time he has only been able to do work with safety that would not involve heavy lifting.

The Trial Judge had this to say in the memorandum brief:

"He did not call this to the attention of his foreman at the time but continued to work for the defendant company, and this alleged injury continued to bother him until he had to be operated on. The only thing in his testimony bearing on the question of notice is that about two weeks after the alleged accident he said 'something' to the foreman about his injury. He does not state in his evidence that he told the foreman about receiving any injury while pushing the wheelbarrow, or anything about a protrusion occurring at the site of the pain. What the 'something' was that he related to the foreman is left to conjecture. And if his alleged injury was sufficient for him to call it to the attention of his wife, why should he not have called it to the attention of the foreman immediately or shortly thereafter

when petitioner knew what the rules were in regard to reporting accidents? Taking his testimony as true as a matter of law, it seems to me that petitioner cannot be excused from giving the required notice as provided by statute. The foreman states that nothing was said to him about the accident about two weeks following the same. If the company had had actual knowledge of the accident and resulting injury, the petitioner could have been excused from giving the required notice. But I find no grounds for not giving the statutory notice."

Again in the Court's findings of fact the Court stated that the petitioner first knew the nature and extent of his hernia injury when he consulted his doctor on August 13, 1954. but he further had this to say:

"The petitioner experienced a sharp pain in the region of his abdomen at the time of the hernia injury, and at the site of the pain there was a protrusion. I think that under the circumstances petitioner should have reported this to his employer; and if his condition grew progressively worse, certainly this should have been reported to the foreman. The employer had no actual notice of the accident and resulting hernia injury within 30 days after the accident, nor does the evidence disclose any excuse for petitioner's failure to give the notice required by the Act within 30 days of receiving the hernia injury."

The Court further found that the petitioner's present permanent disability is a result of the heart attack rather than the hernia injury.

██ ██ There is substantial evidence to support the findings of the fact of the Trial Judge.

The petitioner relies on *Ogle* v. *Tennessee Eastman*

*Corp.,* 185 Tenn. 527, 206 S. W. (2d) 909, and *McBrayer* v. *Dixie Mercerizing Co.,* 176 Tenn. 560.

The Trial Judge thought that the facts of those cases were not applicable to the present case but rather that the analogy was much closer between the facts of the present case in part, and the case of *York* v. *Federal Chemical Co.,* 188 Tenn. 63, 216 S. W. (2d) 725. We think that the Trial Judge's view in that regard was correct.

In our case of *Stone & Webster Eng. Corp.* v. *Davis,* 191 Tenn. 42, 49, 231 S. W. (2d) 376, 379, this Court said:

"When our statute speaks of 'hernia or rupture' it contemplates a rupture of the abdominal wall, such as could be seen by the claimant, and that it 'immediately followed the accident.' "

In the instant case the petitioner admits that he felt a sharp pain and that he could see a protrusion and as he continued to work his condition grew progressively worse. This is exactly the situation in the York case, supra.

York's thumb was knocked out of joint but he continued to work for 13 days, at which time it swelled up and he did no further work. He failed to give any notice to the employer until February 6, which was more than 30 days from the date of injury. His condition became worse and in May his thumb was amputated. Within 24 hours afterwards he died. York was denied compensation for failure to give notice within the proper time.

■ ■ It seems clear enough that if there is no liability for the original injury because of the failure to give proper notice, there could be no liability for the bad results flowing from the operation performed to

correct the hernia because the basis of liability for the second injury is that the causal connection makes it a part of the original injury.

The judgment below is affirmed.