CHARLES M. LAMPLEY

*v.*

ST. PAUL MERCURY INDEMNITY Co., et al.

*(Nashville,* December Term, 1956.)

Opinion filed March 8, 1957.

BAILEY, EWING & POWELL, Nashville, for plaintiff in error.

GOODPASTURE, CARPENTER, DALE & WOODS. Nashville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation case brought under the statute, T.C.A. Sec. 50-901 et seq. The Chancellor found in favor of the deceased employee's beneficiary. The employer and insurance carrier have appealed on one question only, that is, that neither the employer nor the insurance carrier had actual or any notice of the employee's injury or disease until long after the statutory period in which the claimant is required to give notice.

The suit is by Charles M. Lampley, the father of the employee who depended upon the employee for his sole support. The father was over 80 years of age and lived alone with the deceased employee in a little house where they batched. The employee had been employed by the

Gray & Dudley Company for a period of 34 years. On August 6, 1954 he quit work because of illness and died on August 11th, thereafter. Just three days prior to his death he was taken to a doctor near where he lived and this doctor diagnosed his trouble as heart trouble and pneumonia. Just before the employee died he was sent to a local T.B. hospital for a chest x-ray. Some few days after his death a report on this x-ray and the x-ray was returned to the local doctor. This x-ray showed that the deceased at the time of his death was suffering from silicosis. This information, that is, that the deceased employee was suffering from silicosis was not communicated to the father or any other member of the family insofar as this record discloses until some months after the death of the deceased. This discovery was brought about by a brother of the deceased discussing this death with other fellow employees and someone suggested that he might have had silicosis or some disease growing out of his employment. As a result of this discussion counsel was employed and he investigated the matter and discovered, about five and one half months after the death of the employee, that the death was caused by silicosis. Notice was immediately given the employer and then the present suit resulted.

The Chancellor found (insofar as here pertinent):

"* * * that this record presents a factual situation where there has been a reasonable excuse for failure to give the notice, the 30 day notice, required by the statute. That brings us to the fact that the Complainant was nearly 80 years of age, and I don't think the fact that he didn't know that notice was to be given within 30 days plays any figure or part whatsoever in this lawsuit. I don't think he knew, from a factual

proposition, what caused the death of his son until he said a month afterwards. That happened about two years ago. I think the record shows conclusively that he did not know of it until January, 1955, after Mr. Woods had been consulted. There is not the slightest doubt in my mind but what silicosis was the producing cause, not the terminal cause, but the producing cause of the man's death. I never could really justify holding anything but that, and that the Complainant is entitled to recover.''

The statute, Sec. 50-1107, T.C.A., in cases of this kind require that 30 days ''after the first distinct manifestation of an occupational disease'' that the employee or someone else must give written notice and that this notice if given is as in other compensation cases. Section 50-1001, T.C.A., provides when notice is to be given generally in compensation cases. It is to the effect, in the absence of actual notice, that written notice must be given ''unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.'' It is under this provision of the Act that the Chancellor found, here, that there was a reasonable excuse given of why no written notice was given the employer that this deceased employee died with the compensable disease of silicosis. There is evidence in this record as indicated by the statement we quoted from the Chancellor that there was a reasonable excuse for not having given notice. The fact is the record is absolutely silent that anyone knew that the man had silicosis prior to its discovery from the x-ray made just a day or two before death and probably not examined or reported on until after death. The record does show that within the last 18 months before death

the man had lost weight and complained of his chest but there is no indication whatsoever anywhere in this record that this man or any of his family or anyone else knew that he had silicosis. The record clearly establishes the fact that the first knowledge of the fact that he had silicosis was determined after counsel was employed and within two weeks after this notice was given.

In *Wilson v. Van Buren County*, 196 Tenn. 487, 268 S.W.2d 363, 365, this Court, among other things, made this very pertinent statement which is applicable here. We said:

"The doctors who testified in this case all agree that silicosis is a disease of the lungs, resulting from inhaling free silica dioxide over a long period of time. A majority of them agreed that it takes several years for the disease to develop to the extent that it can be properly diagnosed."

There is nothing in the record in this case to contradict that statement. The fact is the record here supports the statement and conclusion.

The doctors saw the man a few days before his death and entered on his death certificate the cause of his death was that he died of pneumonia or hypertensive heart disease. This was the diagnosis before death. After the x-ray showing the silicosis was turned over to this doctor after the employee's death this fact was not communicated to any member of the deceased employee's family until just a week or so before the employer was given notice.

Complaint is made in the brief and was in oral argument that the beneficiaries of this deceased employee

should not have waited around for some five months to find out what their son and brother died of but that they should have investigated and found within the 30 day period required by statute that he had silicosis and given notice of this fact to the employer. We cannot subscribe to this argument and reasoning back of it. The father and petitioner is an uneducated man, over 80 years of age and he did not even know what the disease of silicosis was. He had no medical knowledge to make him suspicious of silicosis and to make any inquiry. We see no reason why he should not accept the diagnosis of the doctor of his son's choosing that his trouble was a heart condition and pneumonia. As we see it this old man had no reason to make any investigation about this son's death and he certainly acted with the prudence of one of his education and age and under all the surrounding circumstances.

Interestingly, the old man says, when asked about his education, that: "I can read print, but I can't read writing." This probably illustrates, as well as anything, the type of individual that the Court had before it.

■ The question of the reasonableness of the excuse for failure to give notice required by statute is one peculiarly for the trial judge and where there is material evidence to support the finding of the trial judge on this question his finding is like any other fact question in these compensation cases final, as far as the Appellate court is concerned.

"The trial judge declares this to have been done to his satisfaction. [That is that the employee or those depending upon him have a reasonable excuse for failure to give notice.] Not only does the material evi-

dence rule apply to this issue, as announced in *Donahue v. R. A. Sherman's Sons Co.*, 39 R.I. 373, 98 A. 109, 111, L.R.A.1917A, 76, as it does to others of fact, but the language of our act makes the question of the reasonableness of the excuse one peculiarly for the trial judge''. *Marshall Construction Co. v. Russell,* 163 Tenn. 410, 43 S.W.2d 208, 209.

On this question of notice this Court in the case last above cited further said, that:

" * * * under a statute as broad as ours, which empowers the trial tribunal to excuse for any cause which satisfies him as reasonable, * * * how can this court hold unreasonable the excuse for failure to give formal notice within thirty days that the injured employee did not himself know that he had suffered an injury of such nature or extent as to justify a demand for compensation? To enforce a contrary rule would tend to provoke the bringing of premature and unjust claims, ferment litigation, and disturb relations between employer and employee.''

There is absolutely no proof in this record that the employer or insurance company were in any way prejudiced by the failure to give this notice within 30 days of the death of this employee. As we see it the employer was in just as good position when notice was given as it would have been at the time of the discovery of the cause of death. They knew or could have known by the exercise of ordinary care of the silica, etc., that was in the air where this man worked and it was possible that such a thing be gotten; they could have exhumed the body and had their own x-rays and investigation made and found out whether he had silicosis or not. The

fact is that as far as we can see they were not prejudiced in the least. They do not contend that the deceased did not have silicosis. The deceased had worked for these people 30-odd years and we must assume under the proof and in the absence of any contention to the contrary that he did die of silicosis. If there had been any doubt in the employer's mind of this fact, as we said above, investigations on their part could have shown so and this contest pitched on another key.

We have read the record, listened to able arguments and read the briefs and are satisfied that the Chancellor reached the right finding and conclusion. It results that the judgment below must be affirmed with costs.