Otis Farmer, Petitioner,

*v.*

Blue Diamond Coal Co., Respondent.

(*Knoxville*, September Term, 1958.)

Opinion filed December 12, 1958.

GRIFFITH & DOSSETT, LaFollette, for respondent.

HARRY B. BROWN, Jellico, for petitioner.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a Workmen's Compensation case here on an appeal by the Blue Diamond Coal Company. The sole question is whether the trial court erred in holding that the employee had a reasonable excuse for failure to give written notice to the employer within thirty days after the date of the accident.

It appears without dispute and the court so found, that the petitioner, Otis Farmer, had worked around the coal mine for about 35 years; that he has a fifth or sixth grade education; that on the night of November 3, 1955, he was engaged in pulling up steel rails and frogs from the roadbed in the respondent's mine when he met with an accident which caused him to feel stinging pains and as a result of which he did not feel like working and did not work for a few days, less than seven; these pains were in the lower abdomen but he did not discover a knot or protrusion until December 20, 1955, when for the first time he realized that he had a hernia on the right side; he

reported to the office manager on December 27, 1955, then to the face boss, then to the mine superintendent; it was the duty of the office manager to refer complaints of injury to the compensation agent of the defendant employer; although petitioner had thus reported his injury to various officials of the Company, he had been unable to obtain compensation for his injury.

The trial judge further found that the employer was not prejudiced by failure of the employee to give written notice within thirty days after November 3, 1955. As a result of having received no relief from his employer, petitioner consulted his own physician some months later and was operated upon for the hernia.

It is now insisted by the employer that the petitioner gave no excuse for his failure to report his injury within the proper time after November 3, 1955, and that the employer was prejudiced for lack of notice. It is insisted that the trial judge himself supplied the reason for petitioner's failure to give the required notice and that had the petitioner given a reasonable excuse, then he would have been subject to cross examination so that the employer might determine whether the hernia was caused by the accident.

■ We think that the simple answer to this insistence is that the petitioner did necessarily supply a reasonable excuse for failure to give such notice. The mere fact that he suffered a hernia on the left side in 1949 and the fact that on November 3, 1955, he felt some sort of a stinging pain in the groin or lower abdominal region is not, under our statute, T.C.A. sec. 50-1009, sufficient to charge him with notice that he has suffered a hernia.

In *Stone & Webster Engineering Corporation v. Davis,* 191 Tenn. 42, 49, 231 S.W.2d 376, syllabus 5, it is said:

"When our statute speaks or 'hernia or rupture' it contemplates a rupture of the abdominal wall, such as could be seen by the claimant, and that it 'immediately followed the accident.' "

Then in *Etter v. Blue Diamond Coal Co.,* 187 Tenn. 407, 215 S.W.2d 803, it is said:

"Responding to the question of lack of notice to the company we find that when the accident occurred the petitioner suffered such intense pain ('different from any pain he had ever experienced before') ; that he had to sit down on the floor for thirty minutes because of the severity of the pain. He stated to other employees who came to his aid, including his foreman, that he had hurt himself. Later he was sent to the company's doctor for an examination. Of course the petitioner did not claim to his fellow employees or his foreman that he had sustained a hernia because he did not know the extent of his injury. * * *"

On page 413 of 187 Tenn., on page 805 of 215 S.W.2d of the same case, in referring to our statutory definition of "hernia," the construction of the words "suddenly" and "immediately" is given to mean not to be the instant following the accident but it means that it appears so soon after the injury that it would not be possible to attribute it to any other cause.

Therefore, the case of *McCarty v. Musgrave Pencil Co.,* 199 Tenn. 582, 288 S.W.2d 444, 446, is distinguished as follows:

"In the instant case the petitioner admits that he felt a sharp pain *and that he could see a protrusion* and as he continued to work his condition grew progressively worse. * * *"

Then in *Lampley v. St. Paul Mercury Indemnity Co.*, 201 Tenn. 458, 300 S.W. 2d 876, 879, it is said:

"The question of the reasonableness of the excuse for failure to give notice required by statute is one peculiarly for the trial judge and where there is material evidence to support the finding of the trial judge on this question his finding is like any other fact question in these compensation cases final, as far as the Appellate court is concerned."

Then in the same case, quoting from *Marshall Construction Co. v. Russell*, 163 Tenn. 410, 43 S.W.2d 208, 210, the court said in substance that the court would not hold it unreasonable for the injured party to fail to give formal notice as required by the statute when the employee himself did not know that he had suffered an injury "of such nature or extent" as to justify a demand for compensation.

We think that there is no question that there is material evidence to support the finding of the trial judge that this employee had a reasonable excuse for failure to give notice within the thirty days after November 3, 1955, and when he did find that he had a hernia he promptly gave notice to the representatives of the employer, who, if they had carried out their functions, would have put the employer in a position to do all the investigating necessary.

We, therefore, affirm the judgment of the trial court with costs.