JAY ROEHL *et al. v.* MRS. AGNES GRAW.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

J. H. Hodges, for plaintiff in error.

John W. Green and R. Leslie Bass, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a judgment awarding compensation to Mrs. Graw as the dependent widow of W. K. Graw, on the ground of his accidental death growing out of injuries received while in the employ of Roehl Company. It is insisted (a) that the record fails to show that W. K. Graw sustained accidental injuries resulting in his death; (b) that the record fails to show that Graw sustained such injuries in the course of, or arising out of, his employment; and (c) that the record fails to show either notice given pursuant to the statute, or an excuse for not giving the notice.

Graw was bookkeeper and timekeeper for the contracting firm of Roehl Company. He attempted to aid in moving a heavy concrete mixer from a point in front of the office door, where it was obstructing the entrance, —assisting three other employees. It appears that his work was office work, but it was his duty to exercise some supervision over the yard in connection with keeping the time of the trucks and men, and that on one or two former occasions he had rendered aid under similar conditions of more or less emergency.

The claim is that in pushing this heavy mixer he strained himself internally, producing a hernia, which

was later operated on, and that still later it was necessary for him to have a second operation, following which he died.

■ Considering first the insistence that Graw did not sustain accidental injuries resulting in his death, we think there is material evidence to sustain the finding of the trial judge. He was a man fifty-nine years of age and weighing one hundred and eighty pounds and having enjoyed unusual good health. Upon reaching his home he exhibited to his wife and son a swelling on the lower abdomen and complained of pain. He also showed to them a truss, or suspensory, which he had purchased to meet this condition, and which he had never before had or used. His son Howard testified that in explanation of his injury he stated that he had been pushing a concrete mixer at the yard of the Company and in that way hurt himself. No objection was interposed at the time this answer was given by the witness in his deposition, but the record shows that after the reading of the deposition this occurred:

"Mr. Hodges: I desire to renew my objection to all of the testimony as to what Mr. Graw may have said in this case for the record."

"The Court: You are renewing it, for the benefit of the record?"

"Mr. Hodges: Yes."

It will be observed that no ruling was made or directly asked for by the Court. At the conclusion of all the testimony offered by the petitioner, no testimony being offered for the defendant, this occurred:

"Mr. Hodges: I want at this time to make a motion at the close of the petitioner's evidence in the case for a verdict in favor of the defendant on the ground that

there is no evidence here to show this accident arose out of and in the course of W. K. Graw's employment, that there is no competent evidence.

"THE COURT: You state there is no competent evidence. Do you mean to intimate by that that there is incompetent evidence in the record that ought to be excluded?

"MR. HODGES: I mean by that no evidence competent or incompetent in the record to show that

"THE COURT: Are you taking the position that the Court over your objection has admitted incompetent evidence? If so, just point it out and I will consider it again.

"MR. HODGES: I am just standing on my motion that there is no evidence in the record to support a finding in favor of the petitioner.

"THE COURT: I will hear you argue the matter.

"MR. HODGES: I do not care to argue the case."

Thereupon the Court proceeded to deliver his opinion on the merits of the case. We think it fairly deducible that the trial judge treated this colloquy as in effect a waiver of objection to the competency or admissibility of any evidence which had been introduced and a limitation of the defense to the merits, that is, the ground that there was "no evidence in the record to support a finding in favor of the petitioner." Furthermore, upon looking to the motion for a new trial we fail to find any part of the motion directed to the question of the admissibility of evidence.

Assuming that objection had been originally interposed to such evidence, the well known rule of practice requires that such objections be followed up and that the motion for a new trial shall contain proper reference thereto.

Now, certainly, if the evidence as a whole may be looked to, including the complaints of pain and suffering, exhibition of the swollen and affected parts, the provision which deceased had made to care for the injury and the explanatory statements incidentally made by him as to the injury and its occasion, the trial judge had before him material evidence that this injury resulting in hernia was the result of a straining effort on the part of the deceased to assist in moving the mixer.

In a supplemental brief counsel for plaintiff in error has called attention to the distinction between an injury which is accidental and one which is inflicted by accidental means, but we do not understand this distinction to have application to cases arising under the Tennessee Workmen's Compensation Act, which provides that, " 'injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of employment," etc. In other words, we consider the language, "accidental injuries" and "injury by accident" as having in effect the same meaning, that is, an unintended and undesigned, or unexpected result, arising from some act or acts done. It is unnecessary to review the authorities embraced in the extended and learned brief of counsel on this point. We think it quite clear that a proper construction of our compensation act excludes consideration of the distinction to which we have above referred, but which has been given application in certain insurance cases which have arisen in this State. It is entirely consistent with the rulings of this Court heretofore made in construction of our Tennessee Statute to hold that the deceased suffered an injury by accident within the contemplation of the act when the evidence shows that he suffered hernia as the result of a strain

as an incident of an effort put forth by him to push and move this heavy object.

This brings us to the second insistence, namely, that the injury is not shown to have occurred in the course of Graw's employment. This defense rests upon the theory that Mr. Graw had voluntarily departed from his employment as a bookkeeper and timekeeper and undertaken to perform a service for his employer independent of and outside of that employment, which involved an additional risk. It must be conceded that this question is close. We have heretofore recognized the right of the employer to limit the scope of the engagement of an employee to a restricted field, with reference to the peculiar fitness of the employee. See *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn., 347. However, there is some evidence in the record that it was within the duties of Mr. Graw as timekeeper to supervise the operations and conditions in the yard adjoining his office, and in a general way to see that things were kept in good order and moving. It also appears that he had on one or more former occasions "lent a shoulder" under similar conditions. And there is some evidence tending to indicate a certain degree of emergency calling for his physical participation in the work of clearing the yard. It cannot be conceived that his employer would have in any way or degree objected to participation to this extent by Mr. Graw in this work which he undertook to do, but it is reasonable to assume that under the conditions presented the employer would have expected him, a strong and able-bodied man, to assist. We are unable to say that the work which he undertook to do was clearly beyond the contemplation of the parties. To hold that no employee could under any circumstances step aside in the manifest interest of his employer from the imme-

diate and specific work to which he had been assigned without forfeiting his claim to compensation in case of accidental injury, would be to strike a blow at that spirit of cooperation which is essential to the success of nearly all business enterprises. And while we concede, as stated, that the question is close, we are constrained to the opinion that there is material evidence to sustain the finding of the trial judge on this question also. See, on the question of permissible departure from the work specifically assigned to an employee, *Milne* v. *Sanders,* 143 Tenn., at page 623.

There remains only the question of notice. The proof is meager. It is manifest that no attempt was made to excuse the giving of notice, and that the trial judge did not predicate his finding on this theory. He found that there was evidence in the record sufficient to shift the burden to the defendant, in whose power it clearly lay to explain the evidence introduced tending to show that notice was given, but who failed to introduce testimony at all. Among the papers of the deceased a copy of a notice was found on blanks quite apparently furnished by the Company, from which it might well be inferred that the deceased delivered the original. Also the record contains correspondence between the deceased and the State authorities tending to support this theory. Moreover, one or more witnesses testify to statements made by Mr. Roehl which indicated quite clearly that he had been fully notified, not only of the injuries suffered and of the serious conditions of Mr. Graw, but of the fact that he was claiming that the injury was the result of pushing the mixer. It appears that Roehl visited the hospital and was interested and concerned. We are not inclined to disturb the finding of the trial judge on this

question. As said by the trial judge, Mr. Graw was dead and his lips sealed, and it was within the power of the living defendant to meet with satisfactory rebuttal testimony the circumstantial evidence introduced for the petitioner.

On the whole case we are constrained to affirm the judgment.