TEMPLETON *et al. v.* WILSON.

(*Nashville,* December Term, 1938.)

Opinion filed January 21, 1939.

66

TEMPLETON & STEVENS, of Fayetteville, for Johnnie Wilson, plaintiff.

B. H. LIBBEY, of Nashville, and H. T. HOLMAN, of Fayetteville, for D. A. Templeton, *et al.*, defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Johnnie Wilson was awarded compensation for injuries accidentally received while in the employ of D. A. Templeton, the trial Judge having found that Wilson was partially temporarily disabled to the extent of one-half of his earning capacity. The proof showed that he had been earning $6 a week, and that since he had resumed work he was able to earn $3 a week only. The Court made an award of $3 a week for a period of not exceeding 280 weeks.

Appealing, the employer and the Accident and Indemnity Company insist that the trial Judge erred in awarding any sum whatsoever to petitioner on the ground that he was not acting "pursuant to his instructions of employment," and that "petitioner's accident did not arise out of and in the course of his employment." It is also

insisted that the trial Court erred in awarding compensation on the theory of partial and temporary disability for the period named, because the evidence showed that petitioner had fully recovered from the injuries sustained by him and was suffering no disability. It was further insisted that the petitioner was and had been working regularly full time, since his partial recovery from his injury.

Considering, first, the appeal of the employer and the insurance Company, the proof shows that this young man was accustomed to quit work about 7 P. M., but that on the night when he was injured one of the trucks operated by his employer had stalled out on the road, some little distance from town, and Wilson was approached by an older employee and told of this situation, and told that the Negro helper who was accustomed to keeping the trucks in repair could not be found, and he thereupon accompanied the other employee to the scene and was in the act of assisting in getting the truck started when he was accidentally struck by a passing car and received very considerable injuries.

The defense interposed that petitioner had departed from the scope of his employment and was not acting pursuant to instructions, and that, for that reason, the accident did not arise out of and in the course of his employment, was properly rejected by the trial Judge. This young man testified that he was engaged about the store to do, in effect, anything that he might be called upon to do, although his work primarily was that of a stock room clerk. He testified that his employment contemplated and required the rendering of services to his employer outside of the store and on peddling trucks operated by his employer, such as this particular truck

was, and that he had so worked on several occasions. It is apparent that he was working for his employer at the time he was injured, and even if it should be conceded that he was assisting, in the emergency which had arisen, in a manner and to an extent somewhat outside of his regular and primary employment, we do not think that it can be said that he had so far departed from his duties to his employer as to deprive him of coverage by way of compensation. To apply the rule invoked would tend to discourage the rendering by employees of quite proper and necessary assistance to the employer in times of emergency.

██ Also, we think there is abundant material evidence to sustain the finding of the trial Judge as to the extent of petitioner's disability resulting from this injury. In addition to the testimony of petitioner himself and of physicians, the trial Judge refers to the fact that he took occasion to observe petitioner when on the stand. The proof shows that he was unable to work at all for some weeks, a part of the time in the hospital, and for this proper allowance was made in the award, of which complaint does not appear to be pressed. We do not find that the evidence indicates that petitioner had fully recovered at the time that this suit was heard. If his condition should improve more rapidly than the evidence indicated or the trial Judge appeared to anticipate, the statute provides a ready method for re-opening of the question of the duration of disability and a modification of the award.

██ Counsel for the employer fail to regard the rule, so often emphasized, that this Court does not weigh the evidence, but looks to it only to see if the finding of the trial Court is supported by any material evidence. For

example, see *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 702; *American Zinc Co.* v. *Lusk,* 148 Tenn., 220, 255 S. W., 39.

On the question of departure from the primary work which the employee is engaged to perform, the case of *Roehl* v. *Graw,* 161 Tenn., 461, 32 S. W. (2d), 1049, is in point. In the opinion in that case this was said, applicable here [page 467]: "To hold that no employee could under any circumstances step aside in the manifest interest of his employer from the immediate and specific work to which he had been assigned without forfeiting his claim to compensation in case of accidental injury, would be to strike a blow at that spirit of cooperation which is essential to the success of nearly all business enterprises."

On the other hand, Wilson has appealed, insisting that the award made him should have been for the minimum of $5 a week fixed by statute for all cases of temporary partial disability, the statute relied on being brought into Code as Section 6878, subdivision (b), which reads as follows:

"(b) *In all cases of temporary partial disability,* the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition. This compensation shall be paid during the period of such disability, not, however, beyond three hundred weeks, payment to be made at the intervals when the wage was payable, as nearly as may be, and subject to the same maximum and minimum as stated in subdivision (a) of this section."

It will be observed that the subdivision above quoted

provides in its closing lines that the provision therein made is "subject to the same maximum and minimum as stated in subdivision (a) of this section." It, therefore, becomes necessary to look to the said subdivisions (a), which immediately precedes subdivision (b) in the Code, and reads as follows:

"(a) *For injury producing temporary total disability* fifty per centum of the average weekly wages as defined in this chapter, subject to a maximum compensation of sixteen dollars per week and a minimum of five dollars per week; provided, that if the employee receives five dollars or more per week then he shall receive as compensation not less than five dollars per week; if he receives five dollars or less per week, then the full amount of his weekly wages. This compensation shall be paid during the period of the disability of employee, but, however, not to exceed three hundred weeks. The compensation shall be paid at intervals when the wage was payable, as nearly as may be."

As has been stated, the trial Judge fixed the amount of the award at fifty per cent of the wages which petitioner had been earning prior to his injury, this being $3 per week, it appearing that petitioner is now able to earn $3 per week. It thus appears that the award of $3 and his earnings of $3 will exactly equal the amount of wages he was earning before the injury, and it is urged that it would be manifestly unjust to allow $5 a week, which, in addition to the $3, would give the petitioner $8 a week since his injury, as against $6 which he had previously been earning. It may well be conceded that this is a result hardly contemplated by the framers of the law. It is certainly an unusual and an exceptional situation. However, an examination of the Code Sections herein-

before quoted leaves little room for doubt that this award must be increased, as prayed by the petitioner, to $5, instead of $3 a week. It will be seen that by subdivision (b), which deals with temporary partial disability, the case before us, after setting out the rule to be employed, the percentage and the weeks of payment, it is specifically provided in the last two lines that the award shall be "subject to the same maximum and minimum as stated in subdivision (a) of this section." And, by reference to subdivision (a), it will be seen that it is specifically provided that the allowance for temporary total disability shall be "subject to a maximum compensation of sixteen dollars per week and a minimum of five dollars per week," with further recitals, making it clear that, however small the earnings of the employee, he shall "receive as compensation not less than five dollars per week."

In view of these explicit provisions, we are unable to escape the conclusion that the minimum of $5 applies in the case before us.

It results that the judgment must be modified so as to increase the allowance to petitioner to a minimum of $5 per week and otherwise affirmed.