MARSHALL CONSTRUCTION Co. *et al. v.* MRS. JAMES
RUSSELL.*

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

---

*As to necessity of notice of injury, see annotation in L. R. A.
1916A, 86; L. R. A,. 1917D, 139; L. R. A., 1918E, 557; 28 R. C. L.,
825; R. C. L., Perm. Supp., p. 6249; R. C. L., Pocket Part, title Work-
Men's Compensation, section 113.

On construction of Workmen's Compensation laws, see 28 R. C. L.,
755; R. C. L., Perm. Supp., p. 6201; R. C. L., Pocket Part, section
50.

C. R. LANGHAMMER and MILLER, MILLER & MARTIN, for plaintiff in error.

Sells, Simmonds & Bowman, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Appealing from an award of compensation several errors are assigned. The trial Judge found that the husband of petitioner died on October 13th, 1930, following an accidental fall while working on a building for the defendant Company, July 13th, 1930, that his death was either brought about by the fall, or accelerated thereby, and that a good excuse was made for not filing written notice within thirty days of the accident,—"in the event notice was not filed."

It is insisted for the Company, in substance, (1) that notice was neither given, nor excused, (2) that the fall was not proven, and (3) that the fall neither caused nor contributed to the death.

There is material evidence, both that the deceased sustained the fall, and that he was so injured thereby as to accelerate, if not directly cause, his death. Witness McClure saw him fall and, excluding the statements of deceased, there is competent evidence of his subsequent condition, both by the wife and attending physicians and others, which is corroborative. He was apparently a strong and healthy man prior to this accident, and while the tubercular condition disclosed may have existed latently previous to the fall, the testimony of his sudden and violent breakdown so shortly after this accident affords material evidence sustaining the finding.

The question of notice presents more difficulty. As indicated, the trial Judge rested his judgment on the

ground of satisfactory excuse, while clearly suggesting the probability that written notice had been given.

It is argued for Petitioner that the record shows that written notice was given through an attorney originally engaged, and that this being proven the burden of showing it was not received in time shifted to the defendant, in whose knowledge this fact was, particularly in view of the death of the injured employee and his consequent incapacity to speak, citing *Roehl* v. *Graw,* 161 Tenn., 461. This case is to some extent in point. There is, perhaps, further basis for this contention in the opinion in *Hartwell Motor Co.* v. *Hickerson,* 160 Tenn., 513, wherein notice is held to be a matter of defense.

However, the question first to be considered here on the issue of notice is whether or not there is material evidence to support the direct judgment of the trial court that reasonable excuse for failure to give the notice was made. The trial Judge declares this to have been done to his satisfaction. Not only does the material evidence rule apply to this issue, as announced in *Donahue* v. *Sherman's Sons Co.* (R. I.), L. R. A., 1917A, 76, as it does to others of fact, but the language of our Act makes the question of the reasonableness of the excuse one peculiarly for the trial Judge. See *Beech* v. *Keicher,* 154 Tenn., 319, and *Washington County* v. *Evans,* 156 Tenn., at page 201.

It should be borne in mind that this Court has relieved a petitioner from the defense of want of written notice on two grounds, sometimes concurring, and sometimes confused, although to be distinguished, namely, (1) waiver, based on the conduct of the employer, or his representatives, in recognition of the liability; and, (2)

excuse, based on various grounds of inability, or fault-less omission, of the employee.

The Uniform Compensation Act, promulgated by the National Conference of Commission on Uniform State Laws, provides that, "want of notice or delay in giving notice shall not be a bar to proceedings under this Act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

While our Act does not so read, these elements of knowledge of the employer and lack of prejudice are considered by this Court as affecting the reasonableness of the excuse made, or the justness of the application of the doctrine of waiver.

This finds support in the recognition in our compensation law of these elements of actual knowledge and lack of prejudice as affecting the requirement of notice to the employer. In Section 22, the provision requiring the giving of notice immediately upon the occurrence of the injury, or as soon thereafter as practicable, as a condition of receiving physicians fees, or compensation from the date of the accident, is qualified by the clause, "unless it can be shown that the employer had actual knowledge of the accident." It is true that the concluding paragraph of this Section, which requires written notice within thirty days of the accident as a conditon of the payment of further compensation, is not expressly so qualified, the saving clause there reading, "unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented." Also, Section 23, after prescribing the contents, etc., of the required written notice, concludes with the following saving clause: "But

no defect or inaccuracy in the notice shall be a bar to compensation unless the employer can show to the satisfaction of the tribunal in which the matter is pending that he was prejudiced by the failure to give the proper notice, and then only to the extent of such prejudice.''

But this Court has not felt warranted in treating either excuse or waiver as fully made out by proof merely of knowledge of the employer, or of lack of prejudice, or by proof of a concurrence of these two, without more. *Beech* v. *Keicher,* 154 Tenn., 319. The broad statement in the head note to *Hartwell Motor Co.* v. *Hickerson, supra,* that ''When the Company had all of the knowledge that could have been acquired by written notice,'' the giving of notice was excused, is not justified by the text of the opinion. In that case it was found both that the employer *had* full actual knowledge, and that the petitioner *had no* personal knowledge, the employee having been killed. These two elements concurring made out a case of reasonable excuse. So, also, of the head note in *Kingsport Silk Mills* v. *Cox,* 161 Tenn., 470. This was a case of waiver, rather than excuse, and the language of the opinion must be taken in connection with the facts clearly showing not only knowledge and lack of prejudice, but conduct on the part of the employer in plain recognition of compensatory liability.

For Petitioner counsel say that no prejudice being shown to have resulted to the Company, this is sufficient, even if no more appeared. This Court has not gone so far as to relieve a petitioner from compliance with this requirement on this ground alone. (See *Beech* v. *Keicher, supra.*) As before suggested, no prejudice is a matter to be looked to only as bearing on the determinative weight to be accorded proof offered to excuse, or to establish

waiver. If the evidence shows probable prejudice to the defendant from the failure to receive notice within the limit fixed by the Statute, the Court will view more strictly the evidence offered to excuse. But a showing of no probable prejudice will not of itself excuse the failure to give the notice. It may be said to color the issue, but not conclude it. It will be so considered here.

We find that the holding of the trial Judge, on this question of reasonable excuse, is supported not only by this persuasive element of lack of prejudice, but by testimony indicating ignorance by the deceased of the serious consequences of his accident until his first hemorrhages on the 8th, 9th and 10th of August. Thereupon he received medical attention and was at once removed to the hospital in a grave condition, and soon thereafter taken charge of by the Company's representatives for examination. It is shown that this examination took place as early as August 13th, just thirty-one days after the fall, and it is fairly inferable that the Company had been advised prior to that day. If he was excusable for not giving the notice before the hemorrhages disclosed the serious nature of his injury, because of ignorance that he had suffered a compensable accident, then his condition for the intervening two or three days may well have been treated by the trial tribunal as excusing the giving of formal notice during that time. This Court has recognized as an excusing element ignorance, without fault, of the serious nature of the injury. *Ware. v. Ill. Cent. Ry. Co.,* 153 Tenn., at page 148; *Chatta. Imp. & Mfg. Co.* v. *Scealf,* Knoxville, September, 1925. While there were concurring elements of excuse in these cases, this is also true of the instant case.

And we find authority for this view in other jurisdictions. For instance, in the exhaustive opinion of the Rhode Island Supreme Court, *Donahue* v. *Sherman's Sons, supra,* construing statutory language less broad and general than that in our statute, that court emphasizes the rule of liberality in interpretation of the compensation laws, which this Court likewise applies, and referring to decisions under the British Act, says:

"The following citations, taken from one volume of Butterworth's Workmen's Compensation Cases, show the broad application which the judges have given to the provision which for 'reasonable cause' excuses the giving of notice. In each of these cases, it was held that the circumstances furnished reasonable cause for the failure to give the statutory notice. In *Hoare* v. *Arding,* 5 B. W. C. C., 36, the saleswoman thought that she was suffering only from a temporary nervous derangement, when in fact her disease was serious. In *Moore* v. *Naval Colliery Co.* (1912), 1 K. B., 28, 81 L. J. K. B. N. S., 149, 105 L. T. N. S. 838, 5 B. W. C. C. 87, the workman, a collier, as a result of his employment became affected with a disease known as 'nystagmus;' a strike came on, and, thinking that relief from his employment in the mine would cure his disease, he neglected to give notice until after the time prescribed by statute. In *Breakwell* v. *Clee Hill Granite Co.,* 5 B. W. C. C., 133, a workman who was ignorant of the fact that he was permanently incapacitated, and fearing if he obtained compensation the indemnity insurance company would prevent his being taken back to work on recovery, gave no notice to his employer till after the statutory period. In *Fry* v. *Cheltenham Corp.* (1911), W. N., 199, 81 L. J. K. B. N. S., 41, 105 L. T. N. S., 495, 28 Times L. R., 16, 56 Sol. Jo., 33. 5

B. W. C. C., 162, a workman fell and hurt his knee, but did not know that he was seriously injured till after the time for giving notice under the statutes had passed. In *Refuge Assur. Co.* v. *Millar* (1912), S. C., 37, 49 Scot. L. R., 67, 5 B. W. C. C., 522, a workman, thinking his injury slight, gave no notice to his employer within the period fixed in the act and not until after he left his employer's service, when he found that he had been seriously injured."

Schneider's Workmen's Compensation Law, Vol. II, Par., 544, cites cases holding that, "When the claimant was not aware that his disability was due to the accident until after the period for notice had elapsed, and there was no prejudice to the employer, the failure to make claim was excused." Citing, *Unity Drilling Co.* v. *Bentley,* 186 Pac., 239, 5 W. C. L. J., 462 (Okla.); *In re Geo. A. Smith,* 2nd A. R. N. S. C. C., 219.

And, indeed, under a statute as broad as ours, which empowers the trial tribunal to excuse for any cause which satisfies him as reasonable, and is without the restrictive specifications set forth in such legislation as the British and Rhode Island Acts, how can this Court hold unreasonable the excuse for failure to give formal notice within thirty days that the injured employee did not himself know that he had suffered an injury of such nature or extent as to justify a demand for compensation? To enforce a contrary rule would tend to provoke the bringing of premature and unjust claims, ferment litigation, and disturb relations between employer and employee.

Summarizing, we have in the case before us (1) the presumption which this Court must entertain that the trial Judge did not abuse the discretion vested in him

by the express terms of the Act; (2) the persuasive fact of lack of prejudice to the employer; (3) circumstances supporting the fair inference that the employer had actual knowledge within the thirty days; (4) material evidence of ignorance of the deceased of the serious nature of his injury; and (5) the fair inference that his condition became serious so suddenly as to excuse immediate action on his part, or that of Petitioner, coupled with the fact that opportunity was at once afforded to and accepted by the defendant for full examination of his injury and investigation of the facts. These are cumulative considerations which constrain us to overrule this assignment.

Counsel for Petitioner concede that the allowance of $100 for medical attention is the result of an error in making up the record, and this will be deducted. Otherwise the judgment is affirmed.