McBrayer *v.* Dixie Mercerizing Co. *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

WHITAKER & WHITAKER and HARRY A. HITE, all of Chattanooga, for plaintiff in error.

FINLAY & CAMPBELL, of Chattanooga, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a suit brought under the Workmen's Compensation Law of Tennessee. The trial judge sustained defendant's demurrer to the petition and dismissed the suit.

Mrs. Nell Webb averred in her petition, in substance, that during the month of September, 1938, while she was regularly employed by defendant, and while pursuing her usual duties, a large spool of yarn was caused to fall from up above the place where she was standing and struck her on the right breast; that she did not know and could not have known the blow would result in serious injury and it was not until April, 1939, that she was apprised of the fact that a cancer had developed; that immediately thereafter she notified defendant of her condition and what had caused it, and from that date until the date of the filing of this petition (January 6, 1940) "she has been continuously confined to her bed and physically unable to look after and manage her affairs, and her disability was such that she was physically incapacited from instituting suit to recover compensation;" that from notification of the injury to the date of the filing of her petition, defendant furnished a nurse to look after and treat her.

Petitioner further averred that in November, 1939, her condition became such that it was necessary for her to undergo an operation for the removal of her right breast, which loss resulted directly from the blow she received in September, 1938; that from the date she received the blow up until the date the injury developed to where it could be detected, she continued in the employment of defendant and had no means of knowing that because of the blow the tissues in her breast had been torn loose and weakened and the blood cells and blood vessels therein had been damaged so that by gradual process which was not detectable, a malignant condition was develop-

ing. She further averred that by reason of the blow and the developments that resulted therefrom, she was rendered totally and permanently disabled and that such disability commenced in April, 1939, and continued up to the filing of the petition. She sought to recover compensation of 50 per cent of her average weekly wage of $23, for a period not to exceed 400 weeks, and $5 per week not to exceed 150 weeks, plus medical and hospital expenses not to exceed $200.

Defendant demurred to the petition on two grounds, namely; (1) Because the petition fails to allege that the written notice required by sections 6872, 6873 of the Code was given to defendant within 30 days after the occurrence of the alleged accident; and (2) Because the right to compensation is forever barred under the provisions of section 24 of the statute (Code, section 6874).

While the suit was pending on demurrer, the petitioner died on February 10, 1940, and the case was revived on April 1, 1940, in the name of Mrs. Cora McBrayer as administratrix of the estate of Mrs. Nell Webb, deceased, and individually as a dependent of the deceased.

The trial judge sustained both grounds of the demurrer and dismissed the suit. He held as follows:

"April 25, 1940. The petitioner does not allege a sufficient excuse to excuse her from giving the written notice within thirty days or bringing suit within the limitation of one year. I think the statute contemplates incapacity, physical or mental, from the date of the accident and not some subsequent condition which may be the result of the injury. Demurrer sustained."

Petitioner has appealed to this court and assigned errors.

It is first complained that the trial judge was in error in sustaining the first ground of demurrer, because (1)

it was not necessary to allege in the petition that notice was given the defendant in accordance with section 23 of the statute (Code, section 6873) and (2) because the petition shows on its face that petitioner's intestate was excused from giving notice under section 6872 of the Code, in that it was not reasonable or practicable for her to have given notice until April, 1939.

It is next complained that the trial judge erred in sustaining the second ground of the demurrer because (1) the allegations of the petition bring the case within the purview of subsection (4) of section 6884 of the Code, in that it is alleged that petitioner's intestate was physically incapacitated from instituting suit within one year from the date she received the blow on her right breast, and (2) because it appears from the face of the petition that the dependent and administratrix of the deceased employee instituted suit within one year from April, 1939, and therefore within the time allowed under subsection (2) of section 6884 of the Code.

The requirements with reference to the giving of notice to the employer by the injured employe are set forth in section 6872 of the Code, which is as follows:

"Every injured employee or his representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable or practicable, give or cause to be given to the employer who has not actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of this chapter from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions of this chapter unless such written notice is given the employer within thirty days

after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.''

■ ■ The petition affirmatively shows that written notice of the injury was not given defendant within thirty days after the occurrence of the accident. It is averred, however, that written notice was given within thirty days of the discovery of the injury caused by the accident. According to the averments of the petition, the accident happened in September, 1938, and it was not until April, 1939, that Mrs. Webb was apprised of the fact that a cancer had developed. The requirement of section 6872, *supra,* is that written notice of the injury be given the employer within thirty days after the accident, ''unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.'' The trial judge found that the petition does not allege a sufficient excuse for the failure to give the written notice within thirty days. On demurrer, of course, the allegation of the petition must be taken as true. In *Marshall Construction Co.* v. *Russell,* 163 Tenn., 410, 43 S. W. (2d), 208, 209, the court said, ''Not only does the material evidence rule apply to this issue, . . . as it does to others of fact, but the language of our act makes the question of the reasonableness of the excuse one peculiarily for the trial judge.'' It must be held, however, that the finding of the trial judge as to the reasonableness or unreasonableness of the excuse for failure to give notice must rest upon some material evidence as in the case of any other fact found by him. The finding of the trial judge, in the instant case, that petitioner did not allege a sufficient excuse for failure to give notice within thirty days of the accident, is a con-

clusion of law based upon the admitted facts set out in the petition. The holding is, in effect, that the complete ignorance of the petitioner of the injury arising from the accident until she was apprised of the fact that a cancer had developed on her right breast, was no excuse for failure to give the notice required to be made within thirty days of the accident. How could she give notice of an injury of which she had no knowledge? The law never requires the impossible. In *Marshall Construction Company* v. *Russell, supra,* 163 Tenn., at page 417, 43 S. W. (2d), 208, quoting from *Donahue* v. *Sherman's Sons Co.,* 39 R. I., 373, 98 A., 109, L. R. A., 1917A, 76, sets out a number of citations taken by the Rhode Island court from Butterworth's Workmen's Compensation Cases showing the broad application which the judges have given to the provision which for "reasonable cause" excuses the giving of notice. Our conclusion is that the learned trial judge was in error in sustaining the first ground of demurrer.

Under the second ground of the demurrer, it is insisted that the suit is barred by the provisions of section 6874 of the Code, which is as follows:

"The right to compensation under this chapter shall be forever barred, unless within one year after the accident resulting in injury or death occurred the notice required by the preceding section is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jursidiction to hear and determine the matter."

Section 6884 of the Code is as follows (omitting matter not material to this suit):

"The time within which the following acts shall be performed under this chapter shall be limited to the following periods, respectively.

"(1) Limit of time of actions or proceedings.—Actions or proceedings by an injured employee to determine or recover compensation, one year after the occurrence of the injury. . . .

"(4) Physical or mental incapacity to cause act to be performed.—In case of physical or mental incapacity, other than minority, of the injured person or his dependents to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended for one year from the date when such incapacity ceases."

██ Subsection (4) of section 6884 is an exception to section 6874. *Southern Railway Co.* v. *Grigsby,* 155 Tenn., 285, 292 S. W., 3. It is averred in the petition that from the date of giving notice to defendant (April, 1939) to the date of filing the petition (January 1, 1940) Mrs. Webb "has been continuously confined to her bed and physically unable to look after and manage her affairs, and her disability was such that she was physically incapacitated from instituting suit to recover compensation." This allegation placed petitioner within the exception provided by subsecton (4) of section 6884 to section 6874.

Counsel for defendant relies on the cases of *Graham* v. *Wells Brick Company,* 150 Tenn., 660, 266 S. W., 770, and *Franse* v. *Knox Porcelain Corp.,* 171 Tenn., 49, 100 S. W. (2d), 647. In the first named case an employee was struck in the eye during the course of his employment. It was not thought that the eye was seriously injured; but it later developed that the sight of the eye was completely lost. Suit was brought to recover under the Compensation Law, but since more than a year had elapsed since the occurrence of the accident, the court sustained defendant's demurrer and dismissed the suit. In the second named case an employee suffered an accident in

October, 1931, which was not thought to be serious, and it was not until March, 1935, that he learned that his spine was seriously and permanently injured. He was a minor at the time he was injured, but attained his majority in January, 1935. The court held that he did not bring himself under the provisions of subsection (4) of section 6884, because this subsection expressly excludes infants from its operations.

In neither of the above cases does it appear that the petitioner averred that he was physically or mentally incapacitated to assert his rights by suit within one year of his injury. Hence, these cases were not governed by subsection (4) of section 6884. In both of the above cases the claimants had knowledge at the time of the accident that they had been injured, but were ignorant of the extent of their injuries. In the instant case, Mrs. Webb did not know that she had been injured at all. Subsequently, when she learned that she had been injured, she gave notice; but did not present her claim to any tribunal because of her alleged incapacity to do so.

It is contended for defendant that while physical incapacity may toll the Statute of Limitations, such incapacity must be continuous from the date of the accident. To adopt this construction, it would be necessary to read into subsection (4) of section 6884 something that is not there. The provision of the subsection is that in case of physical or mental incapacity of the injured person "to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended for one year from the date when such incapacity ceases." The time specified in the section within which to bring action is one year. There is nothing in subsection (4) limiting the incapacity to one continuous from the date of the

accident. This court cannot, of course, under the guise of construction amend or alter the statute.

Our conclusion is that the trial judge was in error in sustaining the demurrer. The result is that the judgment is reversed and the cause remanded for further proceedings.