YORK *v.* FEDERAL CHEMICAL CO. *et al.*

(*Nashville,* December Term, 1948.)

Opinion filed January 17, 1949.

Richard Marshall, of Nashville, for appellant.

Armistead, Waller, Davis & Lansden, of Nashville, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The bill in this case was filed by complainant York, under the Workmen's Compensation Act, Code 1932, section 6851 *et seq.*, seeking compensation for the death of her husband, alleged to have resulted from an accident sustained while in defendant's employ. The Chancellor dismissed the bill because of lack of notice, either actual or written, of injury, within thirty days after the occurrence of the accident, as prescribed by Code, sections 6873, 6872, and this appeal follows.

We find in the record a memorandum opinion and finding of fact by the Chancellor which fully and fairly

sets forth the facts as disclosed by this record. The pertinent part of said memo is:

"The Federal Chemical Company operates an establishment in Davidson County, Tennessee, and the American Mutual Liability Insurance Company issued to it a workmen's compensation insurance policy, in compliance with the laws of the State of Tennessee, covering its employees, including Mel York, who had worked for the Federal Chemical Company for a number of years.

"The average weekly wages of Mel York, deceased, amounted to $25.66.

"On December 18, 1946, the said Mel York received an accidental injury, to wit, his thumb was knocked out of joint, arising out of and during the course of his employment. There was no evidence that the skin was broken. He continued to work for his employer until December 31, 1946, at which time a rising or swelling appeared on his thumb and he did no further work. He did not give any notice to his employer of his injury, as provided by the Workmen's Compensation Act. The first notice that the defendants had of his alleged injury was on February 6, 1947, when York reported to his employer that his thumb was troubling him. Thereupon his employer and its insurer furnished medical treatment to York and made compensation payments to him on the basis of $15.40 a week. York's condition became worse and in May, 1947, his thumb was amputated by an operation. Within twenty-four hours after the operation York died, being survived by the petitioner, his widow, as his only dependant within the meaning of the Compensation Act."

The defendants say in their answer that they had no notice or actual knowledge of the accident and injury

here relied on until after thirty days. They expressly rely on and plead the Code, section 6872, 6873, requiring notice. Under such a situation the burden was on the complainant to show that notice was given, *Hartwell Motor Co. v. Hickerson*, 160 Tenn. 513, 26 S. W. (2d) 153, or that notice had been waived based on conduct of the employer in recognition of his liability; or by excuse based on inability or faultless omission by the employee. *Marshall Const. Co. v. Russell*, 163 Tenn. 410, 43 S. W. (2d) 208. The appellant wholly failed in these requirements. She in effect concedes here that no notice was given or attempted but says that the injured employee did not appreciate the seriousness of his injury until too late and that the employer has not been injured by the failure to give notice.

A fellow employee testifies as to the deceased injury, i. e., knowledge thereof at the time it happened. This fellow employee also says he told their mutual boss of the injury a few days after the injury. The boss though testifies that the first knowledge he had of the injury was some six weeks afterward. Clearly the weighing of this evidence was for the Chancellor who saw and heard these witnesses testify. Then too the knowledge of the fellow employee cannot be imputed to the employer so as to excuse notice. *Brookside Mills v. Harrison*, 158 Tenn. 86, 11 S. W. (2d) 679.

It seems clear to us that the employer was prejudiced, owing to the lack of notice, because he was deprived of the privilege of securing proper medical attention in time. As was said by the New York Court of last resort: "if knowledge of the alleged injury had been obtained in some other way at or about the time it is claimed that the injury occurred, there would have been an oppor-

tunity not only for a prompt general investigation of the alleged circumstances of the accident but of the employe's story thereof and there could have been an examination of the injured finger, and such care and attention could have been given to it as to have prevented infection . . . There can be no reasonable doubt that without the statutory notices or proof of knowledge of of the injury and claim, the employer and insurance carrier were prejudiced." *Combes* v. *Geibel et al.,* 226 N. Y. 291, 123 N. E. 452, 453: 4 W. C. L. J. 272. To like effect see the English case of *Jones* v. *Arnold,* 1916 W. C. & Ins. Rep. 513, 14 N. C. C. A. 660.

The doctor in the present case in his report stated that normal recovery had been delayed because the injured employee should have reported after the injury. A doctor of the deceased employee said:

"If infections don't clear up, they put you out of commission. They are dangerous, and when I say dangerous I mean all of them will kill, but any of them would kill if they are not attended to in time."

No valid reason is given for the failure on the part of the employee to give the employer notice of the accident. He kept on with his work for about two weeks and then because it apparently pained him so much he quit work. This was in ample time to have given notice and yet he did not do so until more than thirty days thereafter.

It is said the employer has waived the right to raise the question because the employee was paid compensation from February 6, 1947, through May 7, 1947. These payments were made after the thirty days provided for notice expired. "The employer was discharged at the time of the acts relied on as a waiver. Neither the

employee nor his mother was prejudically misled. Any right to compensation had been lost by the failure to give notice.'' *Moore* v. *Nashville Union Stock Yards, Inc.,* 169 Tenn. 638, 644, 90 S. W. (2d) 524, 527.

It is insisted that *Ogle* v. *Tennessee Eastman Corporation,* 185 Tenn. 527, 206 S. W. (2d) 909, 911, is in point and to say the least persuasive here. We do not think so. This decision was confined ''strictly to the facts of the present case.'' In this case the employer had notice at the time of the accident and treated the injured employee continuously thereafter until long after the thirty days had expired. Then it was first determined the employee had lost the sight of an eye and as soon as he had discovered this fact notice was given and suit brought. The court here held that under the facts of this case the statute of limitations commenced to run from the occurrence of the injury and not from the occurrence of the accident.

In *McBrayer* v. *Dixie Mercerizing Co. et al.,* 176 Tenn. 560, 144 S. W. (2d) 764, the failure to give notice and file suit, were excused because of the physical disability resulting from the injury. In other words the impossible was not required. We have no such facts here.

For the reasons stated the decree below must be affirmed.

All concur.