THAMES *et al. v.* H. K. FERGUSON Co. *et al.*

(*Jackson,* April Term, 1949.)

Opinion filed June 10, 1949.

J. Frank Warmath and James Cunningham, both of Humboldt, for plaintiffs in error.

Drake & Kizer, of Milan, for defendants in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Act. The original bill was filed by the widow of the deceased employee, against his employers and their insurance carrier. By the original bill, as amended, it was alleged that on November 29, 1941, in the course of his employment, while operating or repairing a mechanical shovel the employee struck his head against the bottom of the machine, causing severe pain and injuring him; that as a result of the injury there was a brain hemorrhage; that he passed into a coma and was partially paralyzed; and that on December 19, 1941, 20 days after the accident, he died. The admitted cause of death was paresis of the small lower bowel, which was alleged to have been the ultimate result of the accident.

With regard to notice, the petition made the following allegation:

"Your petitioner would show to the Court that the defendants had actual notice of the illness of the deceased, and that they had actual notice of his death. That they had been given formal notice of the accident having occurred on November 29, 1941, after it was discovered by the petitioner, Mrs. Mary Thames, and that they paid part of the doctors and hospital expense while Mr. Thames was in Memphis."

■ After hearing the evidence and making a detailed finding of fact, the Trial Judge dismissed the petition, and this appeal has resulted. It is unnecessary to discuss the several assignments of error separately, since if we find that there was material evidence to support the finding of fact that the employer had no notice of the accident within the statutory time, or that the disability and resulting death were not caused by accidental injury, the judgment of the Trial Judge in dismissing the petition, must be affirmed. *York* v. *Federal Chemical Co.*, Tenn. Sup., 216 S. W. (2d) 725; *Mathis v. J. L. Forrest & Sons*, Tenn. Sup., 216 S. W. (2d) 967, and many earlier opinions of this Court there cited.

■ The deceased employee died on December 19, 1941. No formal notice was given the employer until January 7, 1942, more than 30 days after the accident, which was alleged to have occurred on November 29, 1941. The Trial Judge specifically found that there was no reasonable excuse for failure to give this formal notice in the 30 days. The only excuse attempted by the Petitioner was that she was pregnant and in a nervous condition. It was not testified that on account of her physical condition Petitioner was unable to give the statutory notice which is required. There is in the record no evidence to bring the case within *McBrayer* v. *Dixie Mercerizing Co.*, 176 Tenn. 560, 144 S. W. (2d) 764, or to show that the giving of the statutory notice was impossible.

■ Further, there is the positive substantial material testimony of Drs. Gotten and Schmid, that the cause of the coma of the deceased employee was encephalitis and the separate cause of death was paresis of the bowel, and that neither the encephalitis nor the paresis were

causally attributable to an accidental injury. There was, thus, material substantial evidence to support the action of the Trial Judge in dismissing the petition on its merits and without regard to the failure to comply with the formal requisite of notice. Judgment affirmed.

All concur.