**FILED**
**Sep 07, 2021**
**02:22 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| June Ruggieri | ) Docket No. 2020-06-1452 |
| | ) |
| v. | ) State File No. 37474-2020 |
| | ) |
| Amazon.com, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Affirmed and Remanded

---

The employee alleged a work-related injury to her right shoulder when she moved a heavy package from a shelf. The employer initially provided medical care but later denied the claim, asserting the employee failed to give timely notice of her alleged injury. Following the filing of a petition for benefits, the employee requested an expedited hearing in which she sought temporary disability benefits, medical benefits, and attorney's fees for the employer's alleged wrongful denial of the claim. After the court set the date for the expedited hearing and the employer filed its response to the employee's request for benefits, the employer requested a continuance, which the trial court denied. Following the expedited hearing, the trial court determined that the employee provided verbal notice within the fifteen-day statutory period, that her verbal notice excused written notice, and that the employer was not prejudiced by the employee's delay in providing written notice. The court concluded the employee is likely to prevail at trial in showing she suffered an injury arising primarily out of the employment and awarded medical benefits but denied temporary disability benefits and delayed ruling on her request for attorney's fees until a hearing on the merits of the claim. The employer has appealed. We affirm the trial court's order and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Kristen Stevenson, Knoxville, Tennessee, for the employer-appellant, Amazon.com, LLC

J. Allen Brown, Nashville, Tennessee, for the employee-appellee, June Ruggieri

1

## Factual and Procedural Background

June Ruggieri ("Employee") worked the night shift at Amazon.com, LLC ("Employer"), as a package handler. On the evening of Tuesday May 5, 2020, Employee was moving a package that she estimated weighed "about forty pounds" from a shelf at eye level. As she lowered the package, she felt a tearing sensation in her right shoulder. She continued working her shift, relying more on her left arm, and testified that her shoulder continued to hurt after she completed her shift and that it "was really, really painful" when she got home. She returned to work Wednesday evening but asked to leave early due to continuing shoulder pain after noticing Employer "had extra people" available for the shift. She was not scheduled to return to work until the following Saturday evening and testified her shoulder continued to hurt throughout her time way from work. She said she did not tell anyone at work about her shoulder pain on Tuesday evening or the following evening when she left early because she thought it was going to get better.

Employee returned to her regular night shift on Saturday, May 9. She testified she saw "Donna," who she identified as "the person overseeing [her] work the day [she] left early," adding that Donna asked her why she left early on Wednesday. According to Employee, she told Donna she left early because she "had been hurt the night before and there were people [present], so [she] didn't see any harm in going home early." She described the person who directs the work around the conveyer line where she was working as the "line lead," adding that "the only people assigned as line leads were learning ambassadors" who wear vests identifying them as such. She said Donna was the "learning ambassador" on the line she was working when she went home early on Wednesday.

Employee testified that she thought she worked the five-day shift the following week and that she relied on her left arm much more than she usually would. She said that during the week of May 16-21, Ruchika, another learning ambassador, saw her struggling to pull something across the floor with her left arm and asked if she needed help. Employee testified she told Ruchika she needed help because she had injured her arm and "was concerned that it was going to end up being a Workers' Comp case." Employee said that no workers' compensation paperwork was initiated and that her shoulder continued to bother her. Several days later she called Employer's "dial-a-doc" and "spoke to them about [her] shoulder," adding that she was told to "go right away to a doctor." She then called a walk-in medical facility near her home, telling them she hurt her shoulder at work and wanted to know if she could be seen. Employee said she was told they could not see her because she "got hurt at work." As a result, she said that when she reported for her shift on Saturday May 23, she spoke to Dianna, the shift assistant, and explained that she could not see a doctor unless she filed a workers' compensation claim, adding that she "didn't want to" but had to "file a Workers' Comp claim."

According to Employee, she was told to see her manager, Trevia, but stated that Trevia was not available until the following day. Employee testified she reported her injury

to Trevia at her lunch break a few minutes before midnight on May 24 but did not complete the written report until the morning of May 25. When asked why she identified the date and time of her injury on the report as 10:00 p.m. on May 7 when she would not have been working, she said it was "[j]ust a mistake," adding that she "didn't have a calendar." Asked why she indicated on the report that the date the incident was reported was May 25, she said she completed the report on the morning of May 25 and that she thought that was the date the report was requesting.

Employee testified that Employer sent her to a nearby emergency room that evening and that she was taken off work until she could see a doctor. She described difficulties getting in to see a doctor, stating she missed several days of work before she eventually "went back to work without permission because [she] couldn't see the doctor." Employer provided Employee a panel of doctors on June 2 from which she selected Dr. Harold Nevels at Concentra. Employee saw Dr. Nevels on five occasions in June 2020. Dr. Nevels recommended physical therapy at the initial visit, but physical therapy was never authorized. At the third visit, Dr. Nevels made a referral to Dr. Kyle Joyner, an orthopedic surgeon, stating in his report that he would "like to have Dr. Joyner . . . evaluate this case and assume management." At the following visit, Dr. Nevels noted that his recommendation for physical therapy as well as his referral to Dr. Joyner were still pending. The report of Employee's final visit with Dr. Nevels on June 29 noted that physical therapy and an orthopedic referral had been made, "but neither [had] been scheduled."

Employer submitted a Notice of Denial of Claim dated July 2, 2020, which indicated the basis for denial was "Late Report." Employee continued working and eventually saw Dr. Joyner on her own in March 2021. Dr. Joyner ordered an MRI, which indicated Employee had a right-shoulder full thickness tear of the anterior supraspinatus tendon for which Dr. Joyner recommended surgical repair. Employee's counsel subsequently sent a letter to Dr. Joyner requesting his medical opinion as to whether the right shoulder condition for which he was treating Employee was "more than 50% related to her on the job injury at [Employer] in May of 2020." Dr. Joyner checked "[y]es," explaining the injury was "likely secondary to" the lifting incident Employee had described.

Employee filed a petition for benefits in September 2020. On March 20, 2021, Employee filed a request for an expedited hearing in which she sought temporary disability and medical benefits as well as attorney's fees for Employer's allegedly wrongful denial of her claim. At an April 19 pretrial hearing, the court set an in-person hearing for June 8, 2021. On May 24, Employer filed a response to Employee's hearing request in which Employer noted that Employee's claim had been denied "for failure to give proper statutory notice of her alleged injury." The response additionally asserted "there is no proof that Employee sustained an injury primarily arising out of the employment or an aggravation of a pre-existing condition that primarily arises out of the employment."

On May 28, Employer filed a motion to continue the June 8 hearing "to allow [Employer] to obtain an independent medical examination (IME) and question and/or cross-examine Dr. Joyner whose medical records and opinions have recently been submitted." The motion asserted that Employee failed to submit supporting documents with her request for a hearing as required by applicable rules and that she did not file her "Rule 72 Declaration with exhibits" until April 9, 2021. Further, the motion asserted Employer received Employee's responses to discovery on May 21, which identified a medical provider who previously performed surgery for a pre-existing right shoulder condition. Finally, the motion asserted that Employee had recently undergone surgery by Dr. Joyner for her alleged work-related right shoulder injury and that a continuance would, therefore, not delay medical treatment alleged to be related to the work injury.

The trial court heard arguments on Employer's motion to continue and denied the motion immediately prior to conducting the June 8 expedited hearing, concluding there was "no good cause to continue the hearing." The court noted that Employer received Dr. Joyner's records on May 21 and had been aware of compensability and medical causation issues since at least February 2021.

Turning to the request for temporary disability and medical benefits, the court first addressed the notice issue, concluding that Employee "credibly testified that she gave notice of her injury to Donna on May 9 and Ruchika on May 19" and that those individuals were reasonably believed by Employee to have "charge" to assist her. Further, the court noted that when these individuals did not complete paperwork to initiate a workers' compensation claim, Employee "called [Employer's] 'Dial-A-Doc' on May 22 and notified her shift manager on May 25 and completed a written first report," adding that Employer "did not contravene this testimony." The court concluded that Employee's conversations with Donna and Ruchika provided actual notice within the fifteen-day statutory period and that Employee's conversations with these two individuals "were a reasonable excuse for the failure to give written notice within fifteen days." Moreover, the court concluded there was no prejudice to Employer and "no proof of how a delay in treatment from [the date of injury] through May 25 hampered its investigation."

Addressing Employer's assertion that Employee did not suffer an injury arising primarily out of the employment, the court concluded that Dr. Joyner's opinion that Employee's shoulder condition was "more than 50% related" to her on the job injury "coincide[d] with [Employee's] description of how she became injured." In addition, the court noted that Dr. Nevels was an authorized physician and completed a form at Employer's request on which he checked a box characterizing the injury as "work-related." Stating that Employer "offered no contrary medical proof," the court concluded Employee was "likely to show at a hearing on the merits that she suffered an injury arising primarily from employment."

Further, the court determined that Dr. Nevels was an authorized physician and that he referred Employee to Dr. Joyner, noting that Employer "ignored the referrals" and "failed to either offer a timely panel of orthopedists or authorize treatment with Dr. Joyner." The court concluded that Employer "took a deliberate risk, and now it must bear the consequences." The court ordered Employer to provide medical treatment with Dr. Joyner as the authorized physician. In addition, the court determined that Employee had not established entitlement to temporary disability benefits and denied those benefits "at this time." Finally, the court held Employee's request for attorney's fees in abeyance. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

Employer's notice of appeal and its brief on appeal list five issues for review. However, in its brief, Employer addresses only three of the issues, which we have restated as follows:

(1)  Whether the trial court erred in concluding Employee provided notice of her alleged injury in accordance with Tennessee Code Annotated section 50-6-201(a)(1);

(2)  Whether the trial court abused its discretion in denying Employer's motion to continue the expedited hearing; and

(3)  Whether the trial court abused its discretion in allowing Dr. Joyner's medical records into evidence over Employer's objection.

5

Moreover, Employer's assertion that the trial court erred in denying its motion to continue the expedited hearing is based on the court's consideration of Dr. Joyner's medical records at the expedited hearing. Accordingly, we have addressed the second and third issues together. Employer failed to address the remaining issues identified in its notice of appeal and brief, and we treat those issues as having been waived by Employer. *See Moore & Seiferth v. Ingles Markets, Inc.*, Nos. 2015-02-0183 & 2015-02-0193, 2015 TN Wrk. Comp. App. Bd. LEXIS 54, at *4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015).

*Notice of the Injury*

Tennessee Code Annotated section 50-6-201(a)(1) (2020) provides that an injured employee "shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." This section provides that "[n]o compensation shall be payable under this chapter, unless the written notice is given to the employer within fifteen (15) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented." *Id.* In addition, section 50-6-201(3) provides that "[n]o defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice."

In this case, Employee testified she did not tell anyone about "what happened" the day of the incident or the following day when she left early because she thought her shoulder was going to get better. She testified she told Donna about the incident the next day and Ruchika the following week and that she told Ruchika she "was concerned that it was going to be a Workers' Comp case." Employer offered no evidence contradicting Employee's testimony that she told Donna or Ruchika about being injured or suggesting that these individuals were not appropriate Employer representatives to whom notice of a work injury could be given. The trial court determined that Employee "credibly testified that she gave notice of her injury to Donna on May 9 and Ruchika on May 19" and that Employee's understanding of their roles "caused [Employee] to reasonably believe they had 'charge' to assist her."

Employee further testified that, after telling Donna and Ruchika that she was injured, no workers' compensation paperwork was initiated and that sometime between May 21 and May 23 she called Employer's "dial-a-doc" regarding her shoulder, adding that she was told to "go right away to a doctor." After she was unable to schedule an appointment at a walk-in facility, Employee told a shift assistant on May 23 that she needed to file a workers' compensation claim so she could see a doctor. She testified her manager was not at the facility that day and that she reported her injury to her manager sometime before midnight on May 24 and completed "paperwork" reporting the injury on May 25.

6

Employer asserts in its brief that Employee failed to notify "the proper entities" but failed to offer any testimony or other evidence identifying to whom notice was required to be given. On cross-examination, Employee was asked about reviewing on-line documents or forms in connection with her application to work for Employer and, more specifically, whether she reviewed a manual that told her what to do if she sustained an injury at work. Employee testified she did not recall the document, and Employer did not introduce into evidence any document advising or describing what an employee was to do in the event of a work injury. Employee was asked if it was her understanding that she should tell her manager or Human Resources if she sustained an injury and testified that she had that understanding *after* her injury, adding that "[s]omebody put a notice like that up on the boards, so yes, that would be my understanding now."

The notice provisions of the Workers' Compensation Act have changed little since their 1919 enactment beyond shortening the time in which written notice is to be given from thirty days to fifteen days. *See* Acts 2016, ch. 1056 § 6. In the early years following the enactment of the 1919 Workers' Compensation Act, the Tennessee Supreme Court noted that it had relieved employees from the defense of lack of notice on two grounds:

> (1) waiver, based on the conduct of the employer, or [its] representatives, in recognition of the liability; and, (2) excuse, based on various grounds of inability, or faultless omission, of the employee.

*Marshall Const. Co. v. Russell*, 43 S.W.2d 208, 209 (Tenn. 1931). Further, the Court noted that the question of the reasonableness of the excuse is "one peculiarly for the trial [j]udge." *Id.* Although waiver is not expressly addressed in section 50-6-201(a), we are unaware of any statute or appellate opinion excluding waiver as a ground that may relieve an employee from the defense of lack of notice under appropriate circumstances. *See, e.g.*, *Gallatin Aluminum Prods. v. Harris*, No. 01S01-9710-CV-00238, 1998 Tenn. LEXIS 404 (Tenn. Workers' Comp. Panel July 1, 1998).

The trial court concluded that Employee's conversations with the two "learning ambassadors" provided actual notice "within the statutory fifteen days" and that these conversations "were a reasonable excuse for the failure to give written notice within fifteen days." Further, the trial court found "no prejudice" to Employer as a result of any delay in receiving notice, stating in its order that Employer provided "immediate emergency treatment on May 25" and offered no proof of how a delay in treatment from the date of injury until May 25 hampered its investigation. Moreover, the court noted that from the date Employee filed her petition for benefits, Employer could have engaged in discovery, including taking Employee's deposition, but did not do so.

Our review of the record supports the trial court's determination that Employee had a reasonable excuse for her failure to provide timely written notice. We need not decide whether Employer's conduct initially recognizing its liability constituted a waiver of timely

notice and conclude the preponderance of the evidence supports the trial court's determination that Employee would likely prevail at trial in establishing she had a reasonable excuse for her failure to timely provide written notice of her alleged injury.

*Employer's Motion to Continue and Dr. Joyner's Medical Records*

Employer's assertion that the trial court abused its discretion by denying its motion to continue is based upon the court's admission into evidence and its consideration of Dr. Joyner's medical records at the expedited hearing. Citing Tenn. Comp. R. and Regs. 0800-02-21-.15(1), which addresses expedited hearings, Employer asserts that Employee's March 30, 2021 request for a hearing failed to comply with this rule in that the request was not "accompanied by an affidavit or a . . . Rule 72 declaration . . . [that] contain[ed] a plain, concise statement of the facts and any other documents demonstrating the party is entitled to the requested relief." According to Employer, irrespective of the language of this rule, Employee filed a Rule 72 declaration under oath with exhibits ten days after filing her request for hearing but did not include Dr. Joyner's medical records, which were eventually submitted "forty-two (42) days after the declaration [was filed] and 11 business days before the expedited hearing." Employer contends that Employee's failure to submit Dr. Joyner's medical records with her Rule 72 declaration "runs afoul of [Rule] 0800-02-21-.15(1)'s filing requirements" and that Employer was prejudiced by Employee's failure to comply with the Bureau's rule addressing expedited hearings. Employer asserts it was "inequitably stripped of its right to question and cross-examine Dr. Joyner's medical recordings, including his opinions therein."

As noted by the trial court in its expedited hearing order, Employee was self-represented from the time of the filing of her September 2020 petition for benefits until approximately one week after she filed her March 30, 2021 request for hearing. On April 6, 2021, Employee's attorney filed a notice of appearance and, three days later, filed Employee's Rule 72 declaration. Employee's declaration asserted, among other things, that Concentra, the provider Employer authorized to treat Employee, referred Employee to Dr. Joyner "so he could 'evaluate this case and assume management.'" The declaration asserted that Employer subsequently denied her claim due to "Late Report" and that although her claim was denied, she "secured an appointment with Kyle Joyner, M.D.[,] where he ordered an MRI of [her] right shoulder and mentioned the possibility of a surgical repair of [her] shoulder." The trial court noted in its expedited hearing order that it conducted a pretrial hearing on April 19, 2021, "where the parties agreed to a June 8 trial date," adding that "[o]n May 21, [Employee] filed medical records from Dr. Joyner, and on May 24, [Employer] filed its pre-hearing brief." Employer filed its motion to continue four days later, requesting it be allowed to obtain an employer's examination of Employee and to depose Dr. Joyner.

Relying on *Smith v. La-Z-Boy, Inc.*, No. 2017-01-0003, 2017 TN Wrk. Comp. App. Bd. LEXIS 52 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2017), the trial court determined

8

that Employee's declaration filed on April 9, 2021 met the requirements of Rule 0800-02-21-.15(1) in that the declaration was filed "in association with the request for hearing . . . [and need not be] filed concurrently or contemporaneously with the request for hearing." Applying "the same logic from *Smith*" to Dr. Joyner's medical records, the trial court determined that "accompanied by" did not require Dr. Joyner's medical records "to be filed concurrently or contemporaneously with the hearing request." Noting that Dr. Joyner's April 2021 record recommending surgery did not exist when Employee filed her request for hearing, the court said that once Employee's attorney became involved in the case, "he disclosed records as they were received." The court rejected Employer's argument that it did not have the opportunity to question or cross-examine Dr. Joyner regarding his opinions, stating that Employer "received Dr. Joyner's records on May 21, . . . [was] aware of compensability and medical causation as issues . . . since at least February 2, [and its] attorney voiced no concerns regarding the need for an employer's examination at the pretrial hearing, where she agreed to the June 8 hearing date." Citing *Smith v. The Newman Grp., LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015) for the principle that "trial courts have been charged with controlling the pace of litigation," the court found "no good cause to continue the hearing."

Employer contends it was prejudiced by Employee's alleged failure to comply with Rule 0800-02-21-.15(1), in that it was "stripped it of its right to question and cross-examine Dr. Joyner[]," and that "[t]his, coupled with basic principles of statutory and regulatory interpretation, provide [the Appeals Board] with a sufficient basis to find that the trial court abused its discretion . . . in denying Employer's Motion to Continue, and . . . allowing [Dr. Joyner's] medical records into evidence."

An abuse of discretion occurs when a trial court "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, No. W2018-00084-SC-R11-CV, 2021 Tenn. LEXIS 243, at *37 (Tenn. Aug. 2, 2021). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Id.* at *81-82 (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). We conclude the trial court correctly interpreted Rule 0800-02-21-.15(1) and did not apply an incorrect standard. Further, we conclude the trial court's decision was not contrary to logic or reasoning. Although the result reached by the trial court did not allow Employer additional time to conduct an employer's medical examination or to engage in discovery concerning Dr. Joyner's medical records or his medical opinions prior to the expedited hearing, Employer is not foreclosed from doing so on remand of this case or from requesting an expedited hearing, if necessary, should it determine an employer's medical examination, further discovery, or a request for hearing to be in its best interests. Accordingly, we conclude that, under the circumstances presented at this stage of the case, the trial court did not abuse its discretion in denying Employer's motion to continue the

expedited hearing or in allowing into evidence and considering Dr. Joyner's medical records.

## Conclusion

For the foregoing reasons, we affirm the trial court's Expedited Hearing Order Granting Medical Benefits and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| June Ruggieri | ) | Docket No. 2020-06-1452 |
| | ) | |
| v. | ) | State File No. 37474-2020 |
| | ) | |
| Amazon.com, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of September, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kristen Stevenson<br>Tina Lett | | | | X | kcstevenson@mijs.com<br>telett@mijs.com |
| J. Allen Brown | | | | X | allen@jallenbrownpllc.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov