

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **ANGELA DOUGLAS,** | ) | **Docket No. 2018-05-0914** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **ADIENT USA, LLC,** | ) | **State File No. 66160-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the Court on November 14, 2018, for an Expedited Hearing focusing on Ms. Douglas's entitlement to medical benefits. The central legal issues are whether Ms. Douglas's claim is barred by failure to give proper notice and, if not, whether she is likely to establish at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Douglas is not entitled to the requested benefits at this time.

### History of Claim

Ms. Douglas testified that she suffered a left-knee injury while working for Adient. She was initially unsure about the exact date of injury but later determined that it occurred on July 24, 2017, the same day Adient had a visitor from Nissan, for whom Adient built car seats. Ms. Douglas described working at two stations that were just a few steps apart. As she turned to go from one station to the other, she felt a pop in her left knee. This caused her to step off the line for a few moments, but she returned to work and finished her shift. When, Ms. Douglas returned to work the next week, her knee was painful and swollen. She began icing it in Adient's first aid station during her work breaks.

1

Ms. Douglas had an annual medical checkup on August 21 with her personal physician, Dr. Dana Chandler. Dr. Chandler noted an approximately three-week history of sharp and severe left knee pain. Ms. Douglas reported difficulty with stairs and said her knee would "give out" at times. Although Ms. Douglas testified that she told Dr. Chandler about injuring her knee at work, Dr. Chandler noted "no overt trauma." Dr. Chandler ordered x-rays and prescribed Prednisone.

The next day, Ms. Douglas reported the injury to Human Resources and filled out an injury report. Adient subsequently denied the claim, and Ms. Douglas sought treatment on her own with Dr. Cason Shirley.

Dr. Shirley's October 19 record gave a July 24 onset date, when Ms. Douglas "was putting a cushion in a seat and twisted her knee and it popped." He diagnosed a medial meniscus tear and gave her a lidocaine injection.

David Miller, Adient's Health and Safety Lead, and Steve Williams, Production Superintendent, testified that they knew Ms. Douglas was icing her knee during her work breaks. However, Adient was unaware that Ms. Douglas's knee problem was work-related until she filled out her injury report on August 22. They also explained that the delay in learning of the alleged injury impaired their ability to investigate the claim. Specifically, they were unable to review any video or speak to any witnesses with memory of the incident.

Ms. Douglas asked the Court to order Adient to provide medical treatment for her knee.

Adient contended that Ms. Douglas's claim is barred by her failure to provide proper notice of an injury. It also argued that, even if notice was legally adequate, Ms. Douglas's injury is not compensable because it was idiopathic. Finally, Adient maintained that Ms. Douglas failed to meet her burden of proving that her knee injury arose primarily out of and in the course and scope of her employment. For these reasons, it asked the Court to deny her request.

**Findings of Fact and Conclusions of Law**

*Standard applied*

Ms. Douglas need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, she must present sufficient evidence she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

2

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal."

When the employer raises lack of notice as a defense, the burden is on the employee to show either the employer had actual notice, that she provided notice, or that her failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014). Our Appeals Board explained the notice requirement "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Id*. Guided by this authority, the Court must determine whether Ms. Douglas rebutted Adient's notice defense.

The Court first finds Adient had no "actual notice" of the injury. There is no evidence that any representative of Adient authorized to receive notice knew of the incident when it occurred.

Second, the Court turns to whether Ms. Douglas provided notice to Adient within fifteen days. On this point, Ms. Douglas acknowledged she provided no written notice of her alleged July 24 injury until August 22. Accordingly, the Court finds she failed to provide timely notice.

Next, the Court finds no reasonable excuse for Ms. Douglas's failure to provide timely notice of her injury. In *Buckner v. Eaton Corp*., 2016 TN Wrk. Comp. App. Bd. LEXIS 84 (Nov. 9, 2016), the employee sustained an injury on July 21, 2015, at a "specific time and place performing a specific task." However, he did not report his injury until September 2, 2015, forty-three days later. *Id*. at *3. Under such circumstances, the Appeals Board concluded "that Employee's excuse for failing to provide timely notice of his work injury was not 'reasonable,' the standard mandated by the legislature in section 50-6-201(a)(1)." *Id*. at *11. Specifically, "this was not a case where symptoms developed gradually over time or were not immediately apparent." Rather, the employee "was immediately aware he hurt his back and shortly thereafter was . . . unable to work." *Id*.

The facts of this case are similar. Like the employee in *Buckner*, Ms. Douglas alleged an injury at a specific time and place while performing a specific task. She testified that she felt her knee pop on July 24, 2017, which caused her to take a short break from her duties. Although she kept working that day, she soon developed swelling

3

and pain. Thus, any delayed reporting of her injury is not excused on grounds that her "symptoms developed gradually over time or were not immediately apparent." *See Buckner*, at \*11.

However, the inquiry does not end there. Tennessee Code Annotated section 50-6-201(a)(3) provides that the failure to give timely notice of a work-related injury will not bar compensation "unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." Accordingly, the Court must determine whether Adient suffered prejudice, and if so, to what extent any such prejudice affects the benefits to which Ms. Douglas may be entitled.

Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to enable it to provide timely and proper treatment for the injured employee. *Masters v. Industrial Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980) *citing York v. Federal Chemical Co.*, 216 S.W.2d 725 (Tenn. 1949).

Adient did not contend that the late notice prevented it from providing proper medical treatment for Ms. Douglas. Instead, Mr. Miller testified that he didn't have a chance to conduct a proper investigation because "six weeks later, nobody can remember anything" and video of the incident was not available due to the time elapsed. This testimony is not entirely persuasive, as Mr. Miller overstated the number of weeks between the alleged injury and the date of notice, which was actually less than thirty days. Further, Mr. Miller did not testify that he actually tried to identify and interview the witnesses to the incident, but implied that it would have been difficult or unfruitful to do so. This inference is speculative and not proof of actual prejudice.

The testimony about the video, however, is substantive. Adient had a right to evaluate Ms. Douglas's claim, including reviewing video of her work area to determine whether her description of the injury was credible. The video was unavailable because of her delay in reporting the injury. While the prejudicial effect appears slight in this case, the fact remains that the delay impaired Adient's ability to investigate the claim. The Court must conclude, therefore, that Ms. Douglas appears unlikely to rebut Adient's notice defense.[1]

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Douglas's claim against Adient and its workers' compensation carrier for the requested medical benefits is denied at this time.

---

[1] Because Ms. Douglas appears unlikely to overcome the notice defense, the Court need not address Adient's causation arguments.

2. This matter is set for a Scheduling Hearing on January 15, 2019, at 10:00 a.m. You must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

**ENTERED this the 21st day of November, 2018.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of Angela Douglas
2. October 18, 2017 office note of Dr. Cason Shirley
3. Medical records from Dr. Dana Chandler
4. Affidavits of David Miller, Steve Williams, Aaron Cowart, and Tony Simeri
5. Injury report

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Adient's Pre-Hearing Statement
5. Adient's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 21st day of November, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| Angela Douglas, Employee | X | | X | 108 East Merchant St. Mt. Pleasant, TN 38474 angeladouglass2009@yahoo.com |
| Kitty Boyte, Employer's Attorney | | | X | kboyte@constangy.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
### Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____    SF#: _____    DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                            RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month        Medical/Dental  $ _____ per month

Groceries         $ _____ per month        Telephone       $ _____ per month

Electricity       $ _____ per month        School Supplies $ _____ per month

Water             $ _____ per month        Clothing        $ _____ per month

Gas               $ _____ per month        Child Care      $ _____ per month

Transportation    $ _____ per month        Child Support   $ _____ per month

Car               $_____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____        (FMV) _____

Other                  $ _____        Describe:_____

11. My debts are:

Amount Owed                     To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082